561 P.2d 1351

**AL ZUNI TRADERS, Plaintiff-Appellant,**

v.

**BUREAU OF REVENUE, Defendant-Appellee.**

**No. 2707.**

Court of Appeals of New Mexico.

March 8, 1977.

259

William C. Marchiondo, Marchiondo & Berry, P. A., Albuquerque, for plaintiff-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Richard M. Kopel, Special Asst. Atty. Gen., for defendant-appellee.

## OPINION

SUTIN, Judge.

Taxpayer appeals, pursuant to § 72–13–39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, 1975 Supp.), a Decision and Order of the Commissioner of Revenue which assessed a gross receipts tax for sales made to out-of-state purchasers, and for intrastate sales from whom taxpayer did not obtain nontaxable transaction certificates pursuant to § 72–16A–14.2, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, 1975 Supp.). We affirm.

Taxpayer contends that the Commissioner deprived taxpayer of its constitutional rights to equal protection and due process under Article II, Section 18 of the New Mexico Constitution; that the tax imposed violated the interstate commerce clause of the United States Constitution, Article I, Section 8; that the Decision and Order was not supported by substantial evidence, and that the Decision and Order was arbitrary, capricious and unlawful. We disagree.

A. *Taxpayer may appear at hearing without an attorney.*

■ The hearing officer was aware that taxpayer, through Ralph Khalaf, had appeared at the original hearing with counsel, but nevertheless permitted a second partner to appear and represent himself at the second hearing without the aid and assistance of counsel.

Taxpayer's attorney on appeal was not an attorney in the hearing below. We cannot understand taxpayer's struggle to reverse a case wherein its partner stated that he would rather handle the matter himself than have his attorney present. "I don't need no lawyer", he said. After the hearing officer called this matter to taxpayer's attention, taxpayer voluntarily and willingly waived his right to counsel. The hearing officer was not required to assume the duties of counsel for taxpayer at the second hearing. *McConnell v. State ex rel. Bureau of Revenue,* 83 N.M. 386, 492 P.2d 1003 (Ct.App.1971).

Taxpayer replies that *McConnell* is inapplicable because taxpayer was not advised of his rights at the second hearing. Taxpayer has forgotten that his rights were amply protected at the first hearing. The second hearing was a continuation of the first, and the only issue that survived was taxpayer's duty to secure additional proof that its sales were nontaxable transactions. Taxpayer tried but failed. Taxpayer was granted a full and fair hearing. It had no right to condemn the Commissioner for "whipping the Indian jewelry industry into line."

B. *There was no violation of the interstate commerce clause.*

■ Taxpayer claims that the "Gross Receipts" Tax Act, insofar as it applies to certain interstate transactions of the taxpayer, is unconstitutional. The argument made does not reach a constitutional question. Taxpayer says that the Commissioner is attempting to collect gross receipts tax on its sales made in interstate commerce. In fact, the Commissioner's auditor permit-

ted deduction pursuant to § 72–16A–14.10, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, 1975 Supp.), on interstate commerce, for all sales for which the taxpayer had evidence for delivery out of state. Taxpayer was given more than sixty days' additional time to obtain evidence. See § 72–16A–13. The hearing officer was liberal in construing evidence in favor of taxpayer. In fact, taxpayer testified that his accountant agreed with the auditor's report and the result of the audit was correct. Taxpayer admitted its defeat.

■ Taxpayer also decries the fact that prior to the first audit of its books, the Commissioner had not sent any notice to taxpayer, or other taxpayers in the same industry, of the type of proof necessary to avoid taxation. Under the "Gross Receipts" Tax Act, this contention is pure nonsense.

Taxpayer's contention has no merit.

C. *The Decision and Order was supported by substantial evidence; it was not arbitrary, capricious or unlawful.*

■ Taxpayer seeks to burden the Commissioner with proof that its sales were not interstate. The burden, however, rests squarely on the taxpayer to prove entitlement to an exemption.

Where substantial evidence supports the findings of the Commissioner, as it does in this case, "The moment you lose, you're done for." Taxpayer's claims of its ignorance of the law, its unnecessary condemnation of the Commissioner, its irrelevant claims of error, do not assist the taxpayer on appeal. The taxpayer who bravely dares to challenge the record in this manner must risk a fall. Benjamin Disraeli once said, "Candor is the brightest gem of criticism." An Arabian proverb reads, "Examine what is said, not him who speaks."

Appeals of this nature should be avoided.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.