JOHN MODUGNO ET AL. *v.* TAX COMMISSIONER

House, C. J., Loiselle, Bogdanski, Longo and Speziale, Js.

Argued December 8, 1977—decision released March 14, 1978

*Alfred Santaniello,* with whom was *William D. Allen,* for the appellants (plaintiffs).

*Richard K. Greenberg,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Ralph G. Murphy,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The plaintiffs operated a pizza parlor, known as "Venezia Pizzeria," in East Norwalk from April 2, 1969, to April 21, 1975. During this period, the plaintiffs filed the required sales tax return quarterly. At the time of the sale of the business, on April 21, 1975, the tax department, after reviewing all the taxes for the period of operation, filed an additional tax assessment. The plaintiffs appealed from this assessment to the Court of Common Pleas. Judgment was rendered, based upon a stipulation of facts submitted by the parties, dismissing the appeal. From this judgment, the plaintiffs have appealed to this court.

The pertinent facts as stipulated to by the parties and incorporated into the finding by the court below are as follows: The "Venezia Pizzeria" was operated without waitresses or waiters. There were no printed menus, but a listing of the available items for sale, together with their costs, was placed on the wall behind the service counter. Parking facilities provided space for five cars, and the pizzeria itself contained only six tables. Patrons desiring to eat on the premises picked up their pizzas at the service counter and carried them on metal trays to any available table. For these sales,

a sales tax was collected. All other items, to be consumed off the premises, including pizzas and an assortment of Italian foods including spaghetti and lasagne, were packed in cardboard cartons.

On the basis of these facts, the plaintiffs claim an exemption from the sales tax pursuant to General Statutes § 12-412 (m) for those items sold for consumption outside of the pizzeria itself. This provision provides an exemption for "food products." It does not, however, extend to "meals on or off the premises of the retailer or drinks or foods furnished, prepared or served for consumption at tables, chairs or counters or from trays . . . provided by the retailer. The sale of a meal consisting of any of the items defined herein ordinarily sold for immediate consumption on or near the location of the retailer is a taxable sale, even though such products are sold on a 'take out' or 'to go' order and are actually packaged or wrapped and taken from the premises . . . ."

" 'It is a settled rule of law that statutes which exempt from taxation are to be strictly construed against the party claiming an exemption.' " *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 71, 363 A.2d 1045; *Wiegand* v. *Heffernan,* 170 Conn. 567, 582, 368 A.2d 103; *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 147, 256 A.2d 234. Further, the burden of proving that an assessment of a deficiency tax was erroneous is upon the plaintiff. *Fusco-Amatruda Co.* v. *Tax Commissioner,* 168 Conn. 597, 599, 362 A.2d 847.

The plaintiffs claim error in the court's reliance upon administrative regulations[1] which, the plain-

---

[1] Section 12-426-10, Regulations of Connecticut State Agencies, promulgated by the tax commissioner in the exercise of authority granted under General Statutes § 12-426.

tiffs urge, are inconsistent with the legislative intent expressed in the wording of § 12-412, and in the court's utilization of a standard which does not comport with the attacked regulations. We need not, however, address these issues, since the facts stipulated to by the parties and relied upon by the court support the court's conclusion that the plaintiffs failed to sustain the burden of proving their entitlement to the noted exemption. The exemption upon which the plaintiffs rely specifically subjects to the tax "[t]he sale of a meal . . . sold for immediate consumption on or near the location of the retailer . . . even though such products are sold on a 'take out' or 'to go' order and are actually packaged or wrapped and taken from the premises . . . ." General Statutes § 12-412 (m). The plaintiffs have failed to submit sufficient evidence to distinguish their facility from that specifically covered by this provision.

There is no error.