## In re Tariff Filing of Green Mountain Power Corporation Re: Initial Filing of Power Rate 18 and Amendment to Power Rate 14

[414 A.2d 1159]

No. 330-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Valente, Superior Judge, Specially Assigned

Opinion Filed April 8, 1980

*Sheehey & Brue* and *Douglas G. Hyde*, Burlington, for Petitioner.

*Stewart H. McConaughy* of *Gravel, Shea & Wright, Ltd.*, Burlington, for Defendant.

**Daley, J.** This is an appeal from a decision of the Public Service Board (the Board) that denied the application of Green Mountain Power Corporation (the Company) for increased rates with respect to all retail customers having a demand for power greater than 5,000 kilowatts. The only customer that falls into this category is the intervenor, International Business Machines Corporation (I.B.M.). The Company claimed, in essence, that the rates applicable to I.B.M. were not sufficient to cover the costs of providing I.B.M. with power. The Board rejected the Company's proposed new rates for reasons summarized in finding number 10:

> [T]he Board finds the Company has failed to provide sufficient credible evidence to substantiate the proposed Power Rate 18 and amendment to Power Rate 14 as just and reasonable for the following reasons:
>
> (a) The cost of service per book data submitted for the test year reflects no revenue deficiency to the Company.
>
> (b) The proposed rate increase treated on a per book basis reflects an increase in revenue to the Company measured on a jurisdictional basis beyond its allowed rate of return.
>
> (c) The Company has failed to present this Board with credible evidence that its rate of return is in fact lower than that authorized in [Public Service Board] Docket No. 3758. The selective adjustment of certain items in the cost of service equation in the middle of hearings and

without corresponding treatment of other items is not adequately explained and is inconsistent with normal regulatory procedures.

On appeal, the Board has certified the following question to this Court, pursuant to V.R.A.P. 13 (d):

Did the Board err in disapproving the rate application, based on the evidence adduced at the hearing?

■■ A decision of an administrative board is entitled to great weight with respect to matters within its particular area of expertise. *Ellis* v. *Department of Employment Security,* 133 Vt. 533, 536, 346 A.2d 221, 223 (1975); *Schneider* v. *Vermont Employment Security Board,* 133 Vt. 187, 190, 333 A.2d 104, 106 (1975). Findings of the Public Service Board must be accepted by this Court unless they are clearly erroneous. 30 V.S.A. § 11 (b); *In re Weyerhaeuser Co.,* 132 Vt. 121, 123, 315 A.2d 446, 447 (1974).

■ The Company does not claim to have suffered overall losses based on all its service rates. Evidence indicated that the Company was in fact earning a jurisdictional rate in excess of that allowed in Public Service Board Docket No. 3758. Furthermore, the evidence was constantly shifting and somewhat conflicting as to the extent of the gap between costs and revenues with respect to service of I.B.M. Finally, as the Board stressed in its findings, the absence of evidence as to the rates of other customers made it more difficult to assess the reasonableness of the proposed rate increase.

It was within the Board's expertise to determine that, under these circumstances, a fractionalized rate proceeding diminished the credibility of the evidence on I.B.M.'s rates. Furthermore, because the Board's findings set out specific reasons for according little credence to the Company's data, and the data were contested by opposing testimony, the Board has satisfied the requirements of *In re New England Telephone & Telegraph Co.,* 135 Vt. 527, 534-35, 382 A.2d 826, 832 (1977). In light of this, we cannot say that the Board's findings as to the jurisdictional revenues and credibility of the Company's evidence were clearly erroneous.

The Company also challenges the failure of the Board to rule on its motions for stay and for reopening of the hearings.

This issue is not before us. The notice of appeal brings before this Court all claims of error except rulings on post-judgment motions not specified in V.R.A.P. 4. See V.R.A.P. 3(a); 15 C. Wright & A. Miller, Federal Practice and Procedure § 3916 (1976). The motion to stay is not one specified in V.R.A.P. 4. The motion to reopen, in an ordinary civil case, would be a V.R.C.P. 59(a) motion, which is specified in V.R.A.P. 4. The Rules of Civil Procedure, however, apply only to appeals from a state board to *the superior court*, not to the Supreme Court, see V.R.C.P. 1, 74, 75, and therefore V.R.C.P. 59(a) does not govern the Company's motion to reopen before the Board. Therefore, since neither motion is specified in V.R.A.P. 4, neither motion is merged into the final judgment and brought to this Court by appeal from that judgment.

This conclusion is supported by the alternative, proper procedures provided by law for bringing these motions before this Court. Considering the Board's neglect, the motion to stay could have been raised in this Court under 30 V.S.A. § 14. Similarly, the motion to reopen could have been brought before this Court under 3 V.S.A. § 815(b). Although a decision upon these two motions is normally, in the first instance, within the Board's discretion, see *In re Petition of Allied Power & Light Co.*, 132 Vt. 554, 555–56, 326 A.2d 160, 161–62 (1974), the total failure to exercise such discretion amounts to an abuse of discretion, *State* v. *LaGoy*, 136 Vt. 39, 41, 383 A.2d 604, 606 (1978). We do not sanction such "disorderly process." *Colm* v. *Colm*, 137 Vt. 487, 494, 407 A.2d 184, 188 (1979). Nonetheless, these questions are not properly raised by this appeal.

*Affirmed.*