■ In the Matter of CARMINE RESTAURANT, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed pursuant to articles 28 and 29 of the Tax Law. Petitioner operates the Il Cortile Restaurant in New York City. A field audit revealed markups on food and beverages that were deemed unusually low. Because petitioner's records did not include true copies of guest checks or cash register tapes separately stating the sales tax, as required by section 1135 of the Tax Law, the auditor conducted a markup test utilizing the 14 most popular items on the restaurant's menu, which disclosed substantially higher markups on the food and beverages sold to customers. These higher markups were then applied to petitioner's gross sales during the audit period and a deficiency in sales tax was determined. In making this computation, an allowance for meals provided to employees was made. This allowance was based on one meal per day for seven days a week for 30 employees at $2.37 per meal, and two meals per day for five days a week for the owner and four managers at $3.61 per meal. Petitioner kept no records establishing the number of meals served to employees, the number of employees served or the cost of the meals. The auditor based his conclusions on these matters on his experience as an auditor and petitioner's payroll records. Petitioner was found to owe additional sales tax for other reasons and a notice of determination and demand for additional sales taxes in the amount of $27,509.91 plus interest was determined. Petitioner requested a hearing and respondent sustained the notice of determination. In this proceeding, petitioner challenges the meal allowance for employees as determined by the auditor. In the absence of records required to be kept under section 1135 of the Tax Law, respondent is authorized to select a method reasonably calculated to reflect the taxes due (see *Matter of Grant Co. v Joseph,* 2 NY2d 196, 206, cert den 355 US 869; *Matter of Surface Line Operators Fraternal Organization v Tully,* 85 AD2d 858, 859; see, also, Tax Law, § 1138, subd [a]). It is then incumbent upon petitioner to show by clear and convincing evidence that the method of audit or amount of the tax assessed was erroneous (see *Matter of Urban Liqs. v State Tax Comm.,* 90 AD2d 576; *Matter of Surface Line Operators Fraternal Organization v Tully, supra*). Although petitioner's witnesses' testimony offered some proof supportive of its position that the employees ate more than one meal per day and the meal cost more than $2.37, we cannot say that petitioner has sustained its burden. The auditor's testimony might not have been as precise as desired but, in the absence of documentation by petitioner supporting its position, respondent's reliance on the auditor's methods of analysis and conclusions was not

erroneous. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.