■ In the Matter of CLARENCE R. OLIVER POST MEMORIAL, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under articles 28 and 29 of the Tax Law. ¶ Petitioner, a nonprofit veterans' organization, sells food and beverages at its club located in the Village of Elmira Heights, Chemung County. On August 28, 1978, following an audit, a notice of determination and demand for payment of sales and use taxes due for the period December 1, 1974 through November 30, 1977 in the amount of $7,276.29, plus interest and penalty, was issued. Petitioner thereafter filed a petition for redetermination of the deficiency and review of taxes due. Following a hearing, respondent denied the petition and sustained the notice of determination and demand for payment of sales and use taxes. This CPLR article 78 proceeding to challenge respondent's determination was then commenced and transferred to this court. ¶ Our review of the record reveals that petitioner failed to maintain true copies of guest checks or cash register tapes separately stating the sales tax as required by section 1135 of the Tax Law (see, also, *Matter of Carmine Rest. v State Tax Comm.,* 99 AD2d 581). It was undisputed that the weekly cash register tape totals did not include a statement of the sales tax. In the absence of these records, which are required to be kept under section 1135 of the Tax Law, respondent is authorized to select a method of calculation reasonably designed to reflect the tax due (see, e.g., *Matter of Grant Co. v Joseph,* 2 NY2d 196, 206, cert den 355 US 869; *Matter of*

*Carmine Rest. v State Tax Comm., supra*). It is then incumbent upon petitioner to show by clear and convincing evidence that the method of audit or amount of tax assessed was erroneous (see, e.g., *Matter of Carmine Rest. v State Tax Comm., supra*). Although the testimony of petitioner's witness supported its positions that the prices used by the auditor were March 1, 1978 prices, which were higher than the prices during the 1975 audit period, and that the liquor content of drinks was 1½ ounces rather than the 1⅛ ounces found by the auditor, we cannot say that petitioner has sustained its burden. There was other testimony by the auditor to indicate that the 1⅛-ounce amount was agreed upon by the auditor and petitioner's treasurer and that the auditor had been led to believe that the prices had not changed between 1975 and 1978. Furthermore, petitioner did not present any documentation to support its contentions that the prices had risen between 1975 and 1978 and that the amount of liquor per drink was 1½ ounces (see *id.*). Accordingly, respondent's determination was not arbitrary or capricious and was supported by substantial evidence. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.