## In re DeCato Brothers, Inc.

[546 A.2d 1354]

No. 86-136

Present: **Allen, C.J., Peck, Gibson and Mahady, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed March 30, 1988

*Welch, Graham & Manby,* White River Junction, for Plaintiff-Appellant.

*Jeffrey L. Amestoy,* Attorney General, and *John K. Dunleavy,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Allen, C.J.** Petitioner, DeCato Brothers, Inc., a New Hampshire trucking concern, appeals the affirmance by the superior court of the assessment by the Vermont Department of Motor Vehicles (DMV) of $46,200 in unreported entry fees, pursuant to 23 V.S.A. § 417. DMV audited petitioner in January, 1985, for the period July 1, 1982 through November 30, 1982. Petitioner claims that DMV used improper methods in calculating the fees due. We affirm.

The statute provides:

> (a) If a ton-mile tax, or a tax requiring quarterly or monthly reporting is imposed on Vermont registered vehicles by another state in addition to that state's diesel fuel tax, then there shall be charged an additional $10.00 for each entry into this state of any truck registered in the state charging the additional tax, fee or toll.
>
> (b) In the event that a person so operates a motor truck on the highways of this state and fails to report that operation in accordance with regulations promulgated by the commissioner, the person shall pay a fee of $40.00 for each unreported entry into the state. The payment of the fee shall not preclude the imposition of penalties provided for in section 421 of this title.

23 V.S.A. § 417.

In January, 1985, DMV audited petitioner's records to test compliance with the statute. At the time of this audit, petitioner had lost its records for 1982. However, DMV had previously done a "sample month" audit, in which it had audited May 1982 and November 1982. Using the records of the prior audit, DMV averaged the unreported entries it had calculated for May 1982 and November 1982 and multiplied that average by the number of months in the audit period, to arrive at an estimate of the unreported entries for the period of July 1 through November 30. It then multiplied the estimated number of unreported entries by $40.00, as provided in 23 V.S.A. § 417(b), to arrive at the assessment against petitioner.

Petitioner argues on appeal that DMV improperly used the month of May, 1982, which is outside the audit period, to arrive at the estimate of the number of unreported entries occurring during the audit period.

Petitioner also claims that DMV incorrectly assessed fees for all its entries, though petitioner claimed some were so-called "bobtail" runs and therefore exempt. "Bobtailing" refers to the practice of breaking down the tractors and trailers on "dead head" runs, on which no cargo is carried, and stacking two trailers behind some tractors while running some of the other tractors without a trailer at all. This practice avoids tax liability under 23 V.S.A. § 417 for the tractors without trailers, since the tractors alone weigh less than 18,000 pounds, and thus are not "motor trucks" within the meaning of 23 V.S.A. § 420 and not subject to the entry fees under 23 V.S.A. § 417.

■ We address first petitioner's argument that using a month outside the audit period to estimate the number of unreported entries during the audit period was improper. DMV had implicit authority under the statute to devise and employ auditing procedures to ensure compliance with § 417. The powers of an administrative agency must be construed to include such incidental, implied power as may be needed for the agency to achieve the task assigned to it. *New Hampshire-Vermont Physician Service v. Commissioner*, 132 Vt. 592, 596, 326 A.2d 163, 166 (1974); *Sheeran v. Progressive Life Insurance Co.*, 182 N.J. Super. 237, 248, 440 A.2d 469, 474 (1981); see *Clark Oil & Refining Corp. v. Johnson*, 154 Ill. App. 3d 773, 778, 506 N.E.2d 1362, 1365 (1987) ("implicit in the powers granted to [the agency] in the [Use Tax] Act and elsewhere in the statutes is the authority to establish the

method by which use taxes are to be calculated."). By granting DMV the right to collect the fees set out in 23 V.S.A. § 417, the legislature implicitly granted it the power to audit the records of those within the scope of the statute. See *People* v. *Floom*, 52 Ill. App. 3d 971, 975-76, 368 N.E.2d 410, 414 (1977) (the legislature impliedly intended to grant the agency in question power to audit, in order that the agency could execute its power and achieve the object and purpose of the legislation involved).

This Court gives DMV great deference in reviewing whether it used proper auditing techniques. "Absent a clear and convincing showing to the contrary, decisions made within the expertise of . . . agencies are presumed correct, valid and reasonable." *In re Johnston*, 145 Vt. 318, 322, 488 A.2d 750, 752 (1985) (citing *State of Vermont Department of Taxes* v. *Tri-State Industrial Laundries, Inc.*, 138 Vt. 292, 294, 415 A.2d 216, 218 (1980)). DMV's method must meet a minimum standard of reasonableness. See *Central Furniture Mart, Inc.* v. *Johnson*, 157 Ill. App. 3d 907, 910, 510 N.E.2d 937, 939 (1987). In challenging DMV's assessment, petitioner has the burden of showing that the assessment is erroneous. *Modugno* v. *Tax Commissioner*, 174 Conn. 419, 421, 389 A.2d 745, 747 (1978); *Goldman* v. *Chu*, 128 A.D.2d 1014, 1016, 513 N.Y.S.2d 552, 554 (1987).

In this case, petitioner's records were lost, making a full audit for the period July 1, 1982, through November 30, 1982, impossible. DMV's decision to use information from May and November 1982 to estimate the number of unreported entries during the audit period was reasonable, given the loss of the actual records. In addition, petitioner presented no evidence to show that May 1982 was an inappropriate month to use or aberrant in any way. Using information from May 1982 in arriving at the estimate was not unreasonable merely because that month was outside the audit period. *Murray's Wines & Liquors* v. *State Tax Commission*, 78 A.D.2d 947, 948, 433 N.Y.S.2d 250, 252 (1980). Thus, the trial court correctly concluded that petitioner failed to meet its burden of showing the method of assessing the fees was erroneous.

Petitioner has also failed to demonstrate that DMV erroneously assessed fees for "bobtail" runs. All entries by trucks registered in states that charge fees in addition to a diesel fuel tax on Vermont vehicles are subject to the entry fee. 23 V.S.A. § 417(a). Petitioner's trucks come within this provision; therefore, the statute creates the presumption that all entries by petitioner's trucks

are subject to the entry fee. Exemptions are strictly construed. See *Trustees of Vermont Wild Land Foundation* v. *Town of Pittsford*, 137 Vt. 439, 444, 407 A.2d 174, 177 (1979). The burden is on petitioner to show that the fees do not apply. See *In re Middlebury College Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979) (taxpayer failed to present sufficient evidence to support contention that operation of facilities was mainly noncommercial, therefore not entitled to exemptions). DMV's examination of petitioner's records showed that petitioner did not distinguish between trucks entering Vermont as tractors only, which were thus under the minimum weight to qualify as a "motor truck" subject to the entry fees, and those trucks comprised of a tractor and one or two trailers, thus subject to the fees.

This Court will not set aside findings of fact by an agency unless the findings are clearly erroneous. *In re Brileya*, 147 Vt. 280, 282, 515 A.2d 129, 131 (1986). We view the evidence in the light most favorable to DMV, the prevailing party, and exclude modifying evidence. *Id.* Here, DMV's conclusion, that petitioner failed to document its "bobtail" runs, so that DMV could not determine which, if any, of the entries of petitioner's trucks were not subject to the entry fee, was not clearly erroneous. See *Bruce & Merrilees Electric Co.* v. *Commonwealth*, 109 Pa. Commw. Ct. 101, ___, 530 A.2d 994, 999 (1987) ("Taxpayer's bare assertions [that items should be exempt] will not sustain its burden of proving that the tax was improperly assessed.").

■ Finally, petitioner claims that it should not be required to pay the entry fee for any "bobtail" runs because DMV never indicated in its regulations that petitioner was required to keep records distinguishing between "bobtail" and regular runs. This argument has no merit. It undermines the basic tenet of tax law that exemptions are strictly construed and the burden is on the taxpayer to show eligibility for the exemption. See *Trustees of Vermont Wild Land Foundation*, 137 Vt. at 444, 407 A.2d at 177; *Modugno*, 174 Conn. at 421, 389 A.2d at 747; see also *Al Zuni Traders* v. *Bureau of Revenue*, 90 N.M. 258, 260, 561 P.2d 1351, 1353 (Ct. App. 1977) (fact that Commissioner had not sent notice to taxpayers of type of proof necessary to avoid taxations under gross receipts tax did not preclude imposition of tax).

*Affirmed.*