## In re UNUM Life Insurance Company of America

[647 A.2d 708]

No. 93-467

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

*Opinion Filed June 17, 1994*

*Peter Cullen* of *Theriault & Joslin, P.C.*, Montpelier, and *Andrew J. Bernstein*, Portland, Maine, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *William Griffin*, Chief Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Johnson, J.** UNUM Life Insurance Company of America (UNUM) appeals the August 1993 decision of the Commissioner of Banking, Insurance and Securities (commissioner), which disapproved UNUM's proposed group life insurance policy. We affirm.

UNUM originally applied to the Vermont Department of Banking, Insurance and Securities (Department) in February 1990 for permission to market a group life insurance policy to the Vermont State Employees Credit Union (Credit Union). The Department disapproved the policy. The Department stated, in part, that a preexisting conditions exclusion (exclusion)[1] in the policy violated 8 V.S.A. § 3542(2) because it was ambiguous and misleading and deceptively affected the risks to be insured under the policy.

UNUM subsequently requested a hearing before the Department. Then-Commissioner Jeffrey Johnson appointed a hearing officer to preside over the hearing. The hearing officer issued a proposed determination, recommending approval of the policy.[2]

---

[1] The exclusion stated:

Where death is caused by, contributed to by, or resulting from a pre-existing condition:

1. No benefits will be payable for a loss occurring within 24 months after the individual's effective date of insurance; and

2. No increased or additional insurance will be payable for a loss occurring within 24 months after the day such increased or additional insurance is effective.

"Pre-existing condition" means only:

a. Cancer;

b. Cardiovascular disease; or

c. Condition relating to Acquired Immune Deficiency Syndrome (AIDS), or AIDS Related Complex (ARC), for which the individual received medical treatment, consultation, care or services, including diagnostic measures, except conditions relating to AIDS or ARC, or took prescribed drugs or medicines within six months prior to:

(i) the individual's initial effective date of insurance; or

(ii) the day that any increased or additional insurance is effective.

[2] The findings of fact made by the hearing officer that are relevant to this appeal are:

8. The terms "cancer," "cardiovascular disease" and "AIDS/ARC" have well-accepted and understood medical definitions, meanings and usages. . . . . .

11. UNUM will send brochures and letters to each Credit Union member to announce that insurance is available and to explain the key terms of the Policy.

12. UNUM's brochures will repeat the Exclusion as printed in the Policy and will explain in plain English what the Exclusion means and how it will work.

. . . .

14. There is an actuarially significant risk that members insured under the Policy who have one of the Exclusion Conditions will die within 24 months after the effective date of their coverage under the Policy; UNUM projections show that 15 of 27 possible deaths in the first two years after the Policy is put in force would be denied coverage under the terms of the Exclusion.

Commissioner Johnson rejected the hearing officer's proposed determination, although he adopted the hearing officer's findings of fact. Commissioner Johnson found that UNUM had not met its burden of demonstrating the need for the exclusion. He further found that UNUM's proposal to send a notice to potential insureds explaining the exclusion did not aid in demonstrating a need for the exclusion, "but rather points out the problem with this [exclusion] . . . ; the [policy] does not meet the consumer's expectations." Commissioner Johnson concluded that "the exclusion[] would unreasonably affect the risks purported to be covered by the policy and must be rejected."

UNUM appealed Commissioner Johnson's decision to the Vermont Supreme Court. This Court, in an unpublished decision, reversed and remanded Commissioner Johnson's decision so that "the commissioner may explain his ruling." *In re Unum Life Ins. Co. of America,* No. 92-191, slip. op. at 2 (Jan. 7, 1993). We noted that Commissioner Johnson did not make clear whether the finding that fifteen of twenty-seven insured members who have one of the excluded conditions and die within twenty-four months after the effective date of coverage would be denied benefits was sufficient to disapprove the policy. The Court concluded that Commissioner Johnson did not adequately explain "why this specific exclusion is contrary to public policy, or how consumer expectations would not be met should [the policy] be approved."

Due to a change in commissioners, the case on remand came before Commissioner Elizabeth Costle, who requested memoranda from the parties and heard oral arguments. On August 27, 1993, Commissioner Costle issued a decision concurring with her predecessor's ruling. In her order, Commissioner Costle set out "Supplemental Findings of Fact," which were drawn from the record of the hearing before the hearing officer, to help explain her decision.[3] Commissioner Costle concluded that UNUM's policy "is contrary to public policy" and is in violation of 8 V.S.A. § 3542(2) because the preexisting-conditions exclusion is "ambiguous and misleading" and "deceptively affect[s] the risk that UNUM would purport to assume."

---

[3] The following supplemental findings of fact are relevant to this appeal:
  23. Use of the pre-existing conditions exclusion rather than medical underwriting increases profits by allowing collection of premiums in cases where no benefits will be paid.
  . . . .
  31. The expectation of a consumer who buys a life insurance policy is that a death claim will be paid if he or she does not commit suicide.

UNUM now appeals Commissioner Costle's order. UNUM argues on appeal that Commissioner Costle's order: (1) exceeds this Court's scope of remand, (2) contradicts and overrules the findings of fact previously adopted by Commissioner Johnson, and (3) is erroneous because the proposed policy complies with all applicable Vermont statutes and regulations.

## I

As a preliminary matter, we hold that Commissioner Costle did not exceed the scope of remand of our January 1993 order. UNUM argues first that Commissioner Costle was limited by our remand to writing an order that explained why the policy should be disapproved based only on the findings of fact adopted by Commissioner Johnson. While we stated in our order that the purpose of remand was to permit Commissioner Johnson to "explain his ruling," we did not bar him from making more findings of fact on remand. Actually, we implied that more findings of fact would be necessary to explain his ruling, because the hearing officer's findings of fact were already before this Court during the prior appeal. Cf. *Isabelle v. Proctor Hosp., Inc.*, 132 Vt. 243, 245–46, 315 A.2d 241, 243 (1974) (where Supreme Court struck down findings, on remand trial court could base its conclusion only on findings made during rehearing). Commissioner Costle requested that the parties submit memoranda and attend oral argument to orient herself to the dispute. As Commissioner Costle stated: "I am . . . presented with the task of explaining a determination in which I did not participate." Commissioner Costle then issued a decision, supplementing the findings of fact adopted by Commissioner Johnson with findings drawn exclusively from the record of the initial hearing before the hearing officer, to provide the explanation that was lacking in the prior ruling. This was not beyond the scope of our remand.

UNUM further contends that, because there are no statutes or regulations directing how the commissioner may act on remand from the Supreme Court, Commissioner Costle did not have the authority to conduct further proceedings. We disagree. "The powers of an administrative agency must be construed to include such incidental, implied power as may be needed for the agency to achieve the task assigned to it." *In re DeCato Bros., Inc.*, 149 Vt. 493, 495, 546 A.2d 1354, 1356 (1988); see also *New Hampshire-Vermont Physician Serv. v. Commissioner*, 132 Vt. 592, 596, 326 A.2d 163, 166 (1974)

(administrative agency possesses implied powers necessary for full exercise of those expressly granted). The commissioner is charged with reviewing insurance policies to ensure compliance with the law. See, e.g., 8 V.S.A. § 3542. To fulfill this duty, the commissioner may hold hearings and issue findings of fact pursuant to regulation.[4] Vt. Dep't of Banking & Ins. Reg. 82-1, § 4 (rev. 1987). See also 8 V.S.A. § 72(a) (commissioner has authority to "issue subpoenas, examine persons, administer oaths and require production of papers and records"). Commissioner Costle concluded that she had the authority to hear the parties' arguments and issue supplemental findings of fact based on the earlier record. "[A]bsent compelling indication of error, interpretations of statutory provisions by the administrative body responsible for their execution will be sustained on appeal." *In re Vt. Health Serv. Corp.*, 144 Vt. 617, 622-23, 482 A.2d 294, 297 (1984). We hold that, as Commissioner Johnson had the express authority to hold a hearing and issue findings of fact, Commissioner Costle had the implied authority to hold a rehearing and issue supplemental findings on remand from the Supreme Court.[5]

## II.

UNUM also urges this Court to find that Commissioner Costle's decision to disapprove its policy was erroneous because the policy complied with the applicable state statutes and regulations.

Our standard of review is limited in this case. "'Absent a clear and convincing showing to the contrary, decisions made within the expertise of [administrative] agencies are presumed [to be] correct, valid and reasonable.'" *Consumer Credit Ins. Ass'n v. State*, 149 Vt. 305, 308, 544 A.2d 1159, 1161 (1988) (quoting *In re Johnston*, 145 Vt. 318, 322, 488 A.2d 750, 752 (1985)); accord *In re Green Mtn. Power Corp.*, 138 Vt. 213, 215, 414 A.2d 1159, 1160 (1980) ("A decision of an

---

[4] The commissioner's authority to act under Regulation 82-1, § 4 is expressly granted by the Legislature because the regulation was promulgated pursuant to 3 V.S.A. § 831(d) and is further authorized by 8 V.S.A. § 75.

[5] UNUM also argued that the commissioner exceeded the scope of the remand by issuing a series of supplemental findings that contradicted the findings of the hearing officer. All but two of the findings supported the commissioner's view, with which we disagree, that the exclusion was ambiguous. In view of our holding in part II that the commissioner's decision is affirmed only on the ground that the preexisting-conditions exclusion deceptively affected the risk to consumers, the supplemental findings challenged by UNUM are irrelevant. The remaining two findings are not in conflict with the previous findings.

administrative board is entitled to great weight with respect to matters within its particular area of expertise.").

The grounds for disapproval of an insurance policy by the commissioner are set out in 8 V.S.A. § 3542:

> The commissioner shall disapprove any [policy] filed under this subchapter or withdraw any previous approval thereof, only on one or more of the following grounds: . . . (2) If it contains or incorporates by reference . . . any inconsistent, ambiguous, or misleading clauses, or exceptions and conditions which deceptively affect the risk purported to be assumed in the general coverage of the contract.

Commissioner Costle explained her grounds for disapproving UNUM's policy. She found that the exclusion was both "misleading" and "ambiguous," in violation of 8 V.S.A. § 3542(2), as demonstrated by the confusing testimony of UNUM's employees regarding the application of the exclusion to specific cases. She further found that the exclusion would violate public policy and would "deceptively affect the risk that UNUM would purport to assume" in violation of 8 V.S.A. § 3542(2), stating that policies containing such exclusions "are not sufficiently conclusive in their terms, and do not provide a sufficient commitment on the part of the insurer to pay benefits."

We do not agree that the exclusion is ambiguous. Although UNUM's witnesses may have differed as to the exclusion's specific application, this fact alone does not demonstrate ambiguity. The language of the policy excludes "cancer," "cardiovascular disease," and "AIDS/ARC," diseases that have well accepted and understood medical definitions, meanings and usages.[6] The language is sufficiently clear to put an insured on notice of the potential exclusions.

We agree with the commissioner, however, that the exclusion deceptively affected the risk to consumers. Commissioner Costle found that consumers of life insurance policies expect to be covered as long as they do not commit suicide. Despite its plan to publish the explanatory brochure for consumers, UNUM estimated that *more* than one half of the individuals who died within the first two years after the policy was put in force would not receive death benefits. Thus, the majority of these consumers are either gambling that they

---

[6] We are aware that the Centers for Disease Control and Prevention periodically revises the definition of AIDS and we take no position on whether attempted retroactive application of a new definition would create ambiguity.

will not die from an excluded preexisting condition that they know they have or they are not evaluating their eligibility for death benefits accurately. This meant that UNUM would be collecting premiums from a large number of individuals for whom it had assumed no risk, which, Commissioner Costle found, would be an unacceptable result. The commissioner was entitled to conclude that the policy deceptively affected the risk to be assumed in violation of the statute.

■ UNUM correctly states that there is no law specifically disallowing the exclusion in its policy. It is true that the statute is cast in broad terms, but it contemplates that the commissioner's expertise and experience with insurance products and consumer expectations will be applied to determine what specific policies violate the statute. To construe the statute otherwise would make the exercise of the commissioner's discretion meaningless. "A statute may not be construed or applied . . . in a manner that will render it ineffective or lead to irrational consequences, nor will we presume that the Legislature intended absurd or irrational consequences." *Vermont Dev. Credit Corp. v. Kitchel*, 149 Vt. 421, 424, 544 A.2d 1165, 1166–67 (1988) (citation omitted).

Here, Commissioner Costle acted within her delegated authority and offered adequate explanation of her decision. UNUM has not overcome the presumption that the commissioner's decision is valid.

*Affirmed.*

**Morse, J.,** dissenting. The August 1993 Order of Commissioner Costle should be reversed because the findings do not support the commissioner's decision that the proposed life insurance policy violates 8 V.S.A. § 3542(2). Accordingly, I respectfully dissent.

I agree with the Court that the language of the policy was not ambiguous or misleading but disagree that the exclusion deceptively affects the risk that UNUM purports to assume. Under the second prong of § 3542(2), the commissioner determined that the condition deceptively affects the risk that UNUM purports to assume because the exclusion will bar recovery on more than half of claims made during the first two years of the policy. Apparently, this is based upon the commissioner's finding that consumers of life insurance policies expect to be covered as long as they do not commit suicide. For two reasons, I fail to understand how this finding supports the commissioner's conclusion.

First, the condition will be placed in the policy itself and brochures will be mailed to every Credit Union member to explain what the

exclusion is and how it will work. If informed, a consumer would not think the policy would pay out in all circumstances. Furthermore, the exclusion is limited to persons who have been *diagnosed* as suffering from one of the exclusion conditions and who *receive medical treatment* for the condition in the six month period prior to the effective date of the policy's coverage. Consequently, there is little risk that a prospective insured will not be aware that he has an excluded condition.

Next, the commissioner describes UNUM's promise to assume an individual risk as "illusory" in more than half of all cases arising during the first two years of the policy. On the effective date of the policy, however, UNUM assumes the risk that the individual will live beyond the two year limit. Moreover, UNUM accepts all risk in the event that the insured dies from a cause unrelated to the excluded condition. These risks are not illusory. The condition simply does not deceptively affect the risk that UNUM purports to assume.

I would reverse. Chief Justice Allen joins in this dissent.