**Ogden Bigelow, Jr., d/b/a Topknits v. Department of Taxes**

[652 A.2d 985]

No. 93-515

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed October 14, 1994

Motion for Reargument Denied November 10, 1994

*Andrew H. Neisner,* Barre, for Plaintiff-Appellant.

*Jeffrey L. Amestoy,* Attorney General, and *Mary L. Bachman,* Special Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Gibson, J.** Taxpayer Bigelow appeals from a superior court order, which affirmed the decision of the Commissioner of the Vermont Department of Taxes ("Department") assessing a use tax against a vessel taxpayer purchased in Rhode Island and brought to Vermont. We affirm.

Taxpayer, a Connecticut resident, purchased a 36-foot motorboat named "Topknits" in Rhode Island in May 1989. He did not pay Rhode Island sales tax at the time of purchase, claiming an exemption as a boat broker/dealer. Taxpayer sailed Topknits from Rhode Island to Vermont, arriving in Charlotte, Vermont on July 17 or 18, 1989. He rented a mooring at Bay Point Marina for the summer of 1989, and sailed Topknits around both the Vermont and New York portions of Lake Champlain throughout the summer. He did not register Topknits with the Vermont Department of Motor Vehicles, although dealer registration certificates are available under 23 V.S.A. § 3305(b). Instead, taxpayer possessed United States Coast Guard documentation indicating that the boat's primary use was recreation.

Taxpayer removed Topknits from Lake Champlain sometime in November 1989. That same month, the Department assessed a use tax against Topknits under 32 V.S.A. § 9773(1) for $3,371.20. Taxpayer appealed the assessment, and a hearing before the Commissioner was held on January 25, 1990.

At the hearing, taxpayer challenged the Department's authority to levy the tax, but not the amount or the method of assessment. He claimed that (1) he was not subject to tax under 32 V.S.A. § 9773(1)

because he did not purchase the boat at retail, (2) the Department could not prove that he used the boat in Vermont for at least thirty days, the statutory period giving rise to liability under 32 V.S.A. § 9744(a)(2), and (3) the tax violated the Constitution's prohibition against tonnage taxes, and the equal protection and privileges and immunities clauses. Taxpayer argued that he was a Vermont boat dealer and that Topknits was his only inventory. The Commissioner found that taxpayer purchased the boat at retail, and that he used it in Vermont for at least thirty days. The Commissioner also rejected taxpayer's constitutional claims. Taxpayer took an appeal pursuant to 32 V.S.A. § 9817 to the Washington Superior Court, which affirmed the decision.

Taxpayer raises several issues on appeal. Taxpayer argues that the Commissioner erred in finding that taxpayer purchased the boat at retail and that Topknits had been in Vermont waters for at least thirty days. Taxpayer also raises two constitutional challenges to the tax. First, he contends that 32 V.S.A. § 9773 is a tonnage tax prohibited by Article I, § 10, clause 3 of the United States Constitution. Second, taxpayer argues that the tax violates the commerce clause. U.S. Const. art. I, § 8, cl. 3. We find no error or constitutional infirmity, and therefore affirm.

## I.

Taxpayer argues that the Commissioner erred in finding (1) that he purchased the boat at retail, and (2) that he used Topknits in Vermont waters for at least thirty days. On appeal, we will not set aside an administrative agency's findings unless clearly erroneous. *In re DeCato Bros., Inc.*, 149 Vt. 493, 497, 546 A.2d 1354, 1357 (1988); *In re Brileya*, 147 Vt. 280, 282, 515 A.2d 129, 131 (1986). We view the evidence in the light most favorable to the prevailing party and exclude any modifying evidence. *Brileya*, 147 Vt. at 282, 515 A.2d at 131. So long as the findings are supported by credible evidence, we will not disturb them. *Id.*; *Vieweger v. Clark*, 144 Vt. 630, 632, 481 A.2d 1268, 1270 (1984).

Taxpayer was assessed a use tax under 32 V.S.A. § 9773(1), which imposes a tax on the use within this state of property purchased at retail, unless a sales tax has already been paid. The tax is imposed on the privilege of using, storing, or consuming the property within Vermont. *Frank W. Whitcomb Constr. Corp. v. Commissioner of Taxes*, 144 Vt. 466, 469, 479 A.2d 164, 166 (1984). Section 9744 of Title

32 excepts from the use tax property on which a sales tax was paid to another state, or property purchased while the user was a nonresident. 32 V.S.A. § 9744(a)(2) & (3). A vessel does not, however, qualify for the nonresident use tax exemption if it was used in Vermont waters for thirty days or more. 32 V.S.A. § 9744(a)(2). Thus, an individual who acquires a vessel out of state through a retail purchase, does not pay a sales tax on that purchase, and uses the vessel in Vermont for at least thirty days, is subject to Vermont's use tax.

Taxpayer claims that he is not subject to the tax because he is a broker/dealer of boats and did not purchase Topknits at retail; rather, he contends he purchased the boat at wholesale for resale in Vermont. See 32 V.S.A. § 9773(1) (tax imposed on "tangible personal property purchased at retail"). The Commissioner found that taxpayer purchased Topknits at retail. Although finding taxpayer to be a dealer in Rhode Island, the Commissioner found that taxpayer did not purchase Topknits for resale in Vermont. The evidence shows that taxpayer used the boat for recreation in Vermont, did not advertise the boat for sale, and did not register with the Department as a dealer to collect sales and use tax as required under 32 V.S.A. § 9707. In addition, taxpayer did not obtain a dealer registration for Topknits from the Department of Motor Vehicles, nor has he ever sold a boat in Vermont. The Commissioner's findings are supported by credible evidence and are not clearly erroneous. Taxpayer has failed to show he is not subject to the use tax.

Taxpayer also contends that he is not subject to the tax because the Department failed to show that he used Topknits in Vermont waters for at least thirty days. The hearing officer found otherwise, stating that plaintiff used the vessel for at least thirty days "as of August 19, 1989." The record supports that finding. Indeed, at the hearing taxpayer admitted that "in all likelihood" his boat had been at the Bay Point Marina on Lake Champlain for more than thirty days that summer. The Commissioner's findings were amply supported, and therefore, we will not disturb them.

## II.

Taxpayer next argues that the Vermont tax imposed on his vessel is a tonnage tax, specifically prohibited by Article I, § 10, clause 3 of the United States Constitution, and not a use tax, as the Commissioner found. Unlike a tax on "use," a "tonnage" tax refers to the internal cubic capacity of a vessel. *Clyde Mallory Lines v. Alabama,*

296 U.S. 261, 265 (1935). A duty on tonnage cannot be imposed so as to restrict imports or exports, or to pay for illusory services. *Steamship Co. v. Portwardens*, 73 U.S. (6 Wall.) 31, 32–34 (1867); see also *Clyde Mallory Lines*, 296 U.S. at 263 (contested fee found to be charge for policing harbor to insure safety of vessels and therefore not duty on tonnage).

The prohibition against tonnage duties includes all taxes that operate to impose a charge for the privilege of entering, trading in, or lying in a port, but does not extend to charges for services actually rendered to or enjoyed by a vessel. *Clyde Mallory Lines*, 296 U.S. at 265–66; see *Inman Steamship Co. v. Tinker*, 94 U.S. 238, 243–44 (1876) (tax must relate to some benefit or service, not merely to tonnage of vessel or privilege of entry). Tonnage taxes are distinct from state taxes on property used in the state, the latter being wholly within the state's taxing power. *State Tonnage Tax Cases*, 79 U.S. (12 Wall.) 204, 213 (1870).

■ Vermont's use tax is not a tonnage tax because it is a tax on personal property used within Vermont. It does not tax the privilege of using Vermont ports, but, rather, taxes the property used. The tax relates to police, fire, and environmental protection afforded to those who use vessels in this state. Therefore, we are unpersuaded by plaintiff's tonnage tax challenge.

## III.

Taxpayer also challenges Vermont's compensating use tax as unconstitutional under the commerce clause of the United States Constitution. U.S. Const. art. I, § 8, cl. 3. In his original brief to the superior court, taxpayer asserted that imposing a use tax on Topknits "would impede interstate commerce." He neither cited authority, nor made an argument to support his assertion. Only in his reply brief did taxpayer brief the commerce clause, citing V.R.A.P. 28(i), which permits a party to supplement its brief with authority for arguments already made in its original brief. See Reporter's Notes, V.R.A.P. 28 (Rule 28(i) "does not provide an opportunity for additional argument"). The Commissioner argues that taxpayer failed to preserve this issue by raising it too late. We agree.

It is a basic rule of appellate procedure that issues not briefed in the appellant's or the appellee's original briefs may not be raised for the first time in a reply brief. See *Vermont Nat'l Bank v. Dowrick*, 144 Vt. 504, 509, 481 A.2d 396, 399 (1984) (issues not raised in appellant's

or appellee's briefs may not be raised in reply briefs). Moreover, issues not fairly raised at the earliest opportunity are not preserved on appeal. *Hall v. Department of Social Welfare*, 153 Vt. 479, 487, 572 A.2d 1342, 1347 (1990); cf. *Prescott v. Smits*, 146 Vt. 430, 433–34, 505 A.2d 1211, 1213 (1985) (although claim was pleaded, failure to present evidence or request findings on issue precludes appellate review of that issue); *Fyles v. Schmidt*, 141 Vt. 419, 422–23, 449 A.2d 962, 965 (1982) (issues not fairly presented to trial court are not preserved on appeal). Based on this record, we find that this issue was not adequately preserved, and we decline to address it.

*Affirmed.*