This is an appeal of the plaintiff from a sales tax assessment, imposed by the defendant tax commissioner, covering the period from May, 1962, to December, 1970, in the amount of $1983.69 together with a penalty of $200.87 and interest of $507.75. *Page 310 
The plaintiff since 1962 has been engaged in a one-man mobile arc and acetylene welding business in Stamford. He had no employees. The defendant made demand for sales taxes under § 12-408 of the General Statutes on the ground that the plaintiff was a "seller" engaged in the business of selling tangible personal property at retail.[1] The plaintiff appealed by virtue of General Statutes § 12-422 and claimed a judicial review as provided by virtue of the Uniform Administrative Procedure Act at § 4-183 of the General Statutes. A full hearing was held by the court.
The plaintiff's only business records of his services were maintained in a "day book" wherein were listed his customers and each job performed by him daily; alongside each job were listed the gross receipts, and the type of welding labor performed by him was indicated as "repairs," "cut," "weld," "install," or "fabricate."
In the spring of 1971 the defendant's tax examiner determined by examining the plaintiff's only record, the "day book," that the daily jobs with the notations "repairs," "cut," or "welded" to real property *Page 311 
were tax exempt, but those with notations "install," "weld," or "fabricated" were subject to a sales tax. The examiner then estimated that 30.1 percent of the plaintiff's gross business was taxable sales.
The defendant claims that the plaintiff failed to keep accurate and proper records in accordance with General Statutes § 12-426 (3) and therefore there is a presumption of taxability; that all gross receipts are subject to the sales tax until the contrary appears and the burden of proving that a sale of tangible personal property is not a sale at retail is on the person who makes the sale, under § 12-410 (1); and that the plaintiff has failed to sustain that burden.
Under the circumstances of the plaintiff's one-man operation, he could not be expected to keep a set of books or collected invoices meeting the requirements of a large business using certified public accountants. The "day book" records kept by the plaintiff were the average records kept by a prudent business man for income tax and other purposes. The plaintiff's records as kept by him while engaged in the activity of a welder repairer were not negligent, and he had no intent to evade taxes. The records were sufficiently accurate and proper as applied to this particular type of activity of an individual welder on call for specific jobs and rebut the presumption of taxability, since the question became one of interpretation of the application of the tax statutes to the plaintiff's welding services.
The plaintiff disputes the claim that as a welder he is a retailer engaged in the selling of tangible personal property at retail, since he does not come within the definition of retailer in General Statutes § 12-407 (12) (a): "`Retailer' includes: (a) Every person engaged in the business of making sales at retail ... of tangible personal property owned by the person or others...." The plaintiff further *Page 312 
claims an exemption by virtue of § 12-412 (k), which exempts "[p]rofessional, insurance or personal service transactions which involve sales as inconsequential elements for which no separate charges are made." The plaintiff claims that he is not a retailer as defined under § 12-408 (1), and that he is not engaged in the business of selling tangible personal property or making retail sales, under §§ 12-407 (11) and (12).
The issue before the court is whether the defendant tax commissioner properly applied the aforesaid sales tax statutes to the gross receipts of the plaintiff's welding business. The burden rests on the plaintiff to prove that his occupational skill as a welder represented personal services as a repairer and exempted him from the payment of any sales taxes.
The evidence supports the plaintiff's claims that he is an experienced and skilled welder, being self-employed and performing all labor with his own portable equipment. The plaintiff also in the performance of his services purchased any necessary materials or small parts required to complete the welding repair process. The value of the repair parts was insignificant in relation to the charges made for labor services rendered.
The plaintiff traveled to his customers' places of business to perform his welding services. The objects or machinery repairs welded by the plaintiff had no standard or commercial retail value, nor were the completed objects or machinery to be sold commercially or inventoried by the plaintiff for retail sale.
The plaintiff purchased any necessary materials or parts, such as bolts, elbows or pipe, required to weld the objects to be repaired. The customers were *Page 313 
charged the actual cost of the material used by the plaintiff in welding the objects to be repaired. The welding process did not include a use made of the property repaired as a necessary preliminary to delivery of the furnished product to be sold.
The plaintiff did not weld materials into articles or machinery to be sold at retail or in the business or process of fabricating new articles for retail sale. The plaintiff offered his services and skill as a welder for sale when called by his customers to repair machinery or articles.
The evidence clearly supports the contention of the plaintiff that he renders personal services as a skilled welder and is paid for such services together with the cost of any materials purchased by him and used in the welding process. The court finds that the plaintiff is not engaged in the business of retail sales of tangible personal property and is exempt from the imposition of a retail sales tax, as provided in General Statutes § 12-412 (k).
A welder is not a "retailer" or "seller" within the meaning of the applicable statutes under the circumstances disclosed by the evidence, since the plaintiff rendered personal services as a skilled welder.
In the absence of specific statutory language as to the meaning of personal services in relation to the plaintiff's welding services, the ordinary and reasonable definition is to be applied to § 12-412 (k). Webster, Third New International Dictionary, defines "personal service" as "economic service involving the either intellectual or manual personal labor of the server rather than a salable product of his skill."
In addition, the following statutes are applicable to exempt and exclude the plaintiff's services from *Page 314 
a sales tax, since his services were rendered in repairing and processing welded machinery and parts or at most he made only an isolated or casual sale. Section 12-412 (r): "[Exemption of] Production materials .... but excluding machinery or replacement parts thereof used in production, which become an ingredient or component part of tangible personal property to be sold...." Sections 12-407 (8)(c) and (9)(c): "(8) ... `Sales price' does not include any of the following: ... (c) the amount charged for labor or services rendered in installing or applying the property sold .... (9) ... `gross receipts' do not include any of the following: ... (c) the price received for labor or services used in installing or applying the property sold...." Section12-407 (2)(g) (later amended by Public Acts, June 1971, No. 8 § 2): "`Sale' and `selling' ... include ... (g) a transfer ... of the title of property which has been produced, fabricated or printed to the special order of the customer ... except tangible personal property ... where the intrinsic value lies in the manual skill and imagination of the maker thereof...."
Section 12-426-17 of the defendant's regulations states in part: "(a) Since the tax is predicated upon a sale made by a person engaged in the business of making sales at retail, certain sales which are not sufficient in number, scope and character to constitute an activity requiring a seller's permit are described as casual or isolated sales. Such sales are exempt from the tax .... (b) Casual sales are: (1) Infrequent sales of a nonrecurring nature made by a person not engaged in the business of selling tangible personal property; (2) sales of articles of tangible personal property acquired for use or consumption by a seller and not sold in the regular course of business engaged in by such seller." Regs. Conn. State Agencies § 12-426-17. *Page 315 
The defendant attempted to define generally a repairer and reconditioner, who are exempted under § 12-426-3 of the defendant's regulations, which provides: "... (b) If, however, the value of the parts and materials used in repair work is insignificant in relation to the charges for the labor or other services performed and where no separate charge is made for such property, the repairman is the consumer of the property. This applies, for example to repairers of tires, tubes, clothing, fishing rods, watches, and jewelry." The defendant has defined in his regulations certain types of personal repair services exempt from the sales tax, such as jewelers, shoe and hat repairmen, barbers and beauty shop operators, tire and automobile repairers, and television repairers. Regs. Conn. State Agencies §§ 12-426-2 to 12-426-9, 12-426-18 to 12-426-20; CCH Conn. State Tax Rep. ¶¶ 60-224 to 60-234, 60-236, 63-801 to 63-806. The plaintiff is within this category as defined by the defendant's regulations.
When a taxing statute is being considered, ambiguities are resolved in favor of the taxpayer. LowStamford Corporation v. Stamford, 164 Conn. 178,182; Kellems v. Brown, 163 Conn. 478, 514; ConsolidatedDiesel Electric Corporation v. Stamford,156 Conn. 33, 36. The provisions of a taxing statute "should be considered as a whole, so that they may be reconciled if possible." Obuchowski v. DentalCommission, 149 Conn. 257, 266. The words of a statute are to be accorded their common meaning. General Statutes § 1-1; Hardware Mutual CasualtyCo. v. Premo, 153 Conn. 465, 474.
The court concludes that the plaintiff is not engaged in the business of making retail sales of personal property and that the plaintiff's transactions were personal services rendered as a repairer, as a skilled welder. For the above reasons, the plaintiff *Page 316 
is exempt from the payment of any sales taxes as defined by the aforesaid statutes, under the facts and circumstances of the instant case.
Therefore, the computation of the sales tax as imposed by the defendant was arbitrary, illegal and unreasonable. The sales taxes, penalty and interest as imposed on April 12, 1972, by the defendant are hereby ordered vacated.
 Judgment to enter for the plaintiff.