The plaintiff operated a catering business in the town of Greenwich, Connecticut, from 1949 to 1970. In the course of conducting this business, she relied completely on a professional accountant for the filing of all tax returns. On his *Page 374 
advice that a Connecticut sales tax return was not required for her business, she did not file such a return for any of the years 1949 through 1970, although it was required under state statutes. See Sup. 1947, § 330i, as amended, Rev. 1949, § 2092; General Statutes § 12-408 (1). In 1970, she sold the business, and when the new purchaser decided to incorporate, the above facts were brought to the attention of the state tax commissioner. In 1971 a tax audit, in accordance with § 12-426-10 of the regulations of Connecticut state agencies, was conducted of the plaintiff's records for 1965 through 1970. From this procedure a tax liability of $27,848.34 plus the statutory interest and penalty was assessed against the plaintiff. She has appealed this assessment to this court under General Statutes § 12-422.
At the present time, § 12-408 (1) of the General Statutes imposes a tax on the gross receipts of any retailer from the sale of all tangible personal property sold at retail. This so-called sales tax has been in effect since 1947, although the rate imposed has been changed several times, and there is no dispute between the parties that the plaintiff's business was subject to this tax during the entire time that she owned and operated the business.
The state does not question the plaintiff's honesty and innocence in this matter and admits that she has cooperated with its audit in every way. The court finds that she relied completely on her accountant in this matter, that such reliance was reasonable, and that she thought that she had filed all required tax returns with the internal revenue service and the states of New York and Connecticut.
Evidence and testimony have been submitted to the court as to what percentage of the plaintiff's gross receipts, as defined in §§ 12-407 (9) and *Page 375 12-408 (1), should have been subject to the sales tax. It is clear from this evidence that the plaintiff did not follow the requirements of § 12-426-10 (6) of the regulations of Connecticut state agencies in respect to presenting her customers' bills with rental and service charges separately stated thereon. Within their scope, these regulations have the force and effect of law. Fidelity CasualtyCo. v. Darrow, 161 Conn. 169, 179. Under the circumstances, the defendant's conclusion that 52.67 percent is the correct percentage to be applied to the plaintiff's gross receipts appears fair, reasonable and equitable, and is accepted by this court.
The defendant would have this court find that it has little or no power to grant any relief in this matter and that it can merely determine whether the defendant has properly applied the law. For this court so to hold would give little or no meaning to the words "grant such relief as may be equitable" as they appear in § 12-422 of the General Statutes. No clause, sentence or word in a statute is superfluous, void or insignificant. State v. Briggs,161 Conn. 283, 287. Behind every such use there is a presumption of purpose. Charlton Press, Inc. v.Sullivan, 153 Conn. 103, 109. It is clear that if equitable relief can be afforded a taxpayer, this court can and should consider whether such relief, under the circumstances of a particular case, should be granted.
There is no provision in the Connecticut statutes limiting the period of time within which the state can collect sales taxes in a case where no tax return was ever filed. Accordingly, in a case such as this, the state could recover all sales taxes due from the inception of the plaintiff's business in 1949 to the time of sale in 1970. The defendant has elected to seek recovery for the last six years only. No *Page 376 
explanation is forthcoming in his argument as to the reason why he selected that particular period. While a tax is a debt, it is so essentially different from a debt in the ordinary sense of the word that the Statute of Limitations as to debts is not applicable.Cromwell v. Savage, 85 Conn. 376. In cases where there is no applicable Statute of Limitations, courts of equity have adopted rules of limitation equitably suited to the cases before them.Arnold v. Hollister, 131 Conn. 34, 39; Skinner v.Hale, 76 Conn. 223, 227; Jeffery v. Fitch, 46 Conn. 601,605.
Under §§ 12-415 (7) and 12-425 (2) of the General Statutes, claims for deficiencies and refunds are expressly limited to three years. While the former statute states that the limitation contained therein does not apply to a case of a failure to file a return, nevertheless, since the limitation it imposes applies only to cases where fraud or intent to evade the tax is absent, the period set is a definite indication of the intent of the legislature as to a reasonable period when such elements are absent.
 Accordingly, given the circumstances of this case, where there is no question of fraud or intent to evade, where the plaintiff reasonably relied on what she thought was competent professional advice, where any attempt at this time for her to collect any taxes due from her former customers is out of the question, where the state tax department knew or should have known through the plaintiff's filing of her unincorporated business tax returns of the existence of her business and its nature, where she is precluded from any other form of succor except through this appeal, this court finds that equity demands that the state be limited to a period of three years in recovering sales taxes from the plaintiff, and judgment may enter accordingly. In addition,