H. B. SANSON, INC. *v.* TAX COMMISSIONER OF THE STATE OF CONNECTICUT

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued April 1—decision released July 13, 1982

*Wesley W. Horton,* with whom were *Alexandra Davis* and, on the brief, *William R. Moller* and *Anthony R. Lorenzo,* for the appellant-appellee (plaintiff).

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee-appellant (defendant).

ARMENTANO, J. This is an appeal and a cross appeal from a judgment of the trial court dismissing an appeal from a deficiency assessment of sales tax and interest, and setting aside a statutory penalty assessed against the plaintiff.

The case was tried to the court on a stipulation of facts, the substance of which follows. In the course of its business as a supplier and installer of household equipment, the plaintiff, a Connecticut corporation, constructed and delivered kitchen cabinets to contractors, and installed stairs. The plaintiff filed timely sales tax returns as a retailer for the period June 30, 1970, through March 31, 1973. In computing its sales tax liability, the plaintiff deducted amounts representing the price of delivery and "of installing certain materials such as stairs." Its computed sales tax of $19,194 equals the liability the plaintiff would have incurred on the purchase of materials if it were a construction contractor, who is treated as a consumer for purposes of computing sales tax, rather than a retailer of tangible personal property.

Following an audit by the defendant, the defendant assessed a sales tax deficiency of $27,028.90; General Statutes § 12-415; plus a statutory penalty and interest for the applicable tax quarters. After a hearing requested by the plaintiff pursuant to

General Statutes § 12-418, a deputy tax commissioner upheld the tax, interest and penalty assessments. Although the commissioner made no finding with respect to the stairs, he did find that the plaintiff was a retailer of kitchen cabinets because it did not attach or install them after delivery.

On appeal to the Superior Court from the defendant's decision; General Statutes § 12-422; the plaintiff claimed that although it filed sales tax returns as a retailer, it was a contractor and hence liable as a consumer to reimburse its retailers for the sales tax on the cost of materials used in the construction of kitchen cabinets and in the fabrication of stairs. The defendant claimed that the plaintiff was a retailer of tangible personal property and was liable for collecting and remitting to the defendant sales tax on the purchase price, which includes the cost of delivery and installation.[1]

On the basis of the stipulated facts that the plaintiff filed sales tax returns as a retailer and remitted to the defendant funds collected from its customers, the trial court found that the plaintiff was a retailer of tangible personal property. Accordingly, the trial court held that the plaintiff had not sustained its burden of proving that the sales tax deficiency assessment was erroneous and hence dismissed its appeal in part. In addition, the trial court set aside the 10 percent statutory penalty assessed under General Statutes § 12-415 (4), reasoning that the plaintiff did not negligently or intentionally disregard its sales tax liability, but declined to set

---

[1] Unless itemized as separate charges, delivery and installation are deemed included in the purchase price. General Statutes § 12-407 (8) and (9). For purposes of this appeal, the plaintiff has abandoned its claim that the delivery and installation charges should be excluded from the sales tax.

aside the statutory interest assessed under General Statutes § 12-415 (2). In its appeal the plaintiff claims that the trial court erred in finding that the plaintiff was a retailer and in declining to set aside the interest imposed by the defendant. In its cross appeal the defendant claims error in the trial court's setting aside of the statutory penalty.

"A sales tax is imposed on all retailers making sales in Connecticut by General Statutes § 12-408 (1). Reimbursement for the tax thereby imposed, furthermore, 'shall be collected by the retailer from the consumer and such tax reimbursement, termed "tax" in this and the following subsections, shall be paid by the consumer to the retailer . . . .' General Statutes § 12-408 (2). While the statute does not define the term 'consumer,' it is generally held that a general contractor who purchases material from a retailer for use in the construction of a building for his customer is the 'consumer' of those materials within the meaning of that term as it appears in statutes similar to § 12-408 imposing a sales tax." (Citations omitted.) *Fusco-Amatruda Co.* v. *Tax Commissioner,* 168 Conn. 597, 599, 362 A.2d 847 (1975); see General Statutes § 12-408; Regs., Conn. State Agencies § 12-426-18;[2] *Sullivan* v. *United States,*

---

[2] "[Regs., Conn. State Agencies] Sec. 12-426-18. CONTRACTORS AND SUBCONTRACTORS

(a) DEFINITIONS. The term 'contractor,' as used herein, includes both contractors and subcontractors and, among others, building, electrical, plumbing, heating, painting, decorating, paper hanging, air conditioning, ventilating, insulating, sheet metal, steel, masonry, carpentry, plastering, cement, road, bridge, landscape and roofing contractors or subcontractors. The term 'construction contract,' as used herein, means a contract for the repair, alteration, improvement, remodeling or construction of real property.

(b) TAXABILITY OF SALES TO OR BY CONSTRUCTION CONTRACTORS. A contractor shall pay the tax as a consumer on the purchase or lease of all materials, supplies or equipment used by him in ful-

395 U.S. 169, 171, 89 S. Ct. 1648, 23 L. Ed. 2d 182
(1969); see generally *International Business
Machines Corporation* v. *Brown,* 167 Conn. 123,
128–29, 355 A.2d 236 (1974). A consumer of
" 'tangible personal property purchased from a

filling either a lump sum contract, a cost-plus contract, a time and
material contract with an upset or guaranteed price which may not
be exceeded, or any other kind of construction contract except:

(1) Where the contractor contracts to sell materials or supplies
at an agreed price and to render service in connection therewith,
either for an additional agreed price or on the basis of time con-
sumed or

(2) Where such contractor is engaged as a permittee in the busi-
ness of selling such materials or supplies at retail. . . .

A contractor may, in certain instances, himself fabricate part
or all of the articles which he uses in construction work. For exam-
ple, a sheet metal contractor may partly or wholly manufacture
roofing, cornices, gutter pipe, furnace pipe, furnaces, ventilation
or air conditioning ducts or other such items from sheet metal which
he purchases, and use these articles, pursuant to a contract for the
construction or improvement of real property. In this instance, the
sale of the sheet metal to such contractor constitutes a sale at retail
within the meaning of the law and he pays the tax as a consumer
when he buys the same. This is so whether the articles so fabricated
are used in the alteration, repair or reconstruction of an old building
or are used in new construction work.

(c) PERSONS WHO SELL COMPLETE UNITS OF STANDARD EQUIPMENT
AT RETAIL AND INSTALL SAME. This section is not applicable to sales
contracts whereby a person, whether he is a contractor, subcontractor
or otherwise, acts as a retailer selling tangible personal property
in the same manner as other retailers and is required to install a
complete unit of standard equipment, requiring no further fabrica-
tion but simply installation, assembling, applying or connecting
services. In such instances, the contract will not be regarded as one
for improving, altering or repairing real property. For example,
the retailer of an awning or blind agrees not only to sell it but to
hang it; an electrical shop sells electrical fixtures and agrees to
install them; a retailer sells an electric washing machine and con-
tracts to install the same; a dealer sells cabinets and agrees to
install them. A person performing such contracts is primarily a
retailer of tangible personal property and should segregate the full
retail selling price of such property from the charge for installation,
as the tax applies only to the retail price of the property. . . ."
See General Statutes § 12-426 (1); see generally *Fusco-Amatruda
Co.* v. *Tax Commissioner,* 168 Conn. 597, 603–604, 362 A.2d 847
(1975).

retailer' and used in the construction of a building pursuant to a construction contract is ordinarily the general contractor." *Fusco-Amatruda Co.* v. *Tax Commissioner,* supra, 601. Although the plaintiff does not dispute that it collected reimbursements from its customers for the sales tax it paid as a retailer, the plaintiff claims that the trial court erred in finding that it was not a consumer, but a retailer.

The burden of proving an error in a deficiency assessment is on the plaintiff. *Modugno* v. *Tax Commissioner,* 174 Conn. 419, 421, 389 A.2d 745 (1978); *Fusco-Amatruda Co.* v. *Tax Commissioner,* supra, 599. In holding that the plaintiff had failed to sustain its burden, the trial court was not bound to limit its reasoning to that utilized by the tax commissioner, as the plaintiff claims. The court's finding that the plaintiff is a retailer is reasonably supported by the stipulated facts that the plaintiff completed and delivered kitchen cabinets, supplied and installed stairs, and held itself out as a retailer of household equipment. Although the plaintiff's claim that it installed stairs as a contractor may be meritorious, depending upon the extent of fabrication conducted at the construction site; see Regs., Conn. State Agencies § 12-426-18 (c); the record is insufficient for us fully to address the merits of this claim. Therefore, the finding is not clearly erroneous. See Practice Book § 3060D; cf. *Connecticut Theater Foundation, Inc.* v. *Brown,* 179 Conn. 672, 675–76, 427 A.2d 863 (1980).

The plaintiff's claim that the court erred in not setting aside the interest assessment raises the issue of the court's equitable powers in an administrative appeal under General Statutes § 12-422. That statute provides in part that in reviewing a decision

of the tax commissioner, the "court may grant such
relief as may be equitable . . . ." In the absence
of a trial court's attempt to exercise administrative
powers; see *Jaffe* v. *State Department of Health,*
135 Conn. 339, 353–54, 64 A.2d 330 (1949); the trial
court may grant relief consistent with its review
of a deficiency assessment upheld by the Commis-
sioner. General Statutes §§ 12-421, 12-422; see
*Duval* v. *Brown,* 31 Conn. Sup. 373, 375, 333 A.2d
63 (1974); *Bowne* v. *Brown,* 30 Conn. Sup. 309, 316,
313 A.2d 426 (1973). The tax commissioner may
include penalty and interest charges as part of
deficiency assessments. Interest may be assessed
from the date when the tax should have been paid
to the date of payment. General Statutes
§ 12-415 (2). A 10 percent penalty[3] may be assessed
when the commissioner determines that a sales tax
deficiency is the result of negligent or intentional
disregard of the tax law. General Statutes
§ 12-415 (4). The defendant does not dispute that
the trial court had jurisdiction to set aside the pen-
alty assessed, but contends that the court has no
similar power with respect to an assessment of
interest because the defendant or the tax review
committee does not have the express power to
review an assessment of interest as it does with
respect to a penalty. See General Statutes §§ 12-3a,
12-421. In its claim of error, the plaintiff contends
not only that the trial court does have jurisdiction
to set aside an assessment of interest, but also that
it erred in not exercising that power in this case.
We agree with the plaintiff that it was within the

---

[3] The penalty for negligent or intentional disregard of the tax
law is the greater of 10 percent of the deficiency or $50. When
the taxpayer has fraudulently or intentionally evaded the tax, the
commissioner may assess a 25 percent penalty. General Statutes
§ 12-415 (5). Tax evasion is not an issue in this case.

trial court's province to consider whether to set aside the interest imposed as part of its review of the deficiency assessment; see *Duval* v. *Brown,* supra, 377; *Bowne* v. *Brown,* supra, 316; but we also consider the resolution of that issue to be within the court's sound discretion. The plaintiff has not persuaded us that the court's exercise of discretion was clearly erroneous.

In its cross appeal from the trial court's setting aside of the statutory penalty assessed by the defendant, the defendant claims that the court erred by focusing upon the honesty and innocence of the plaintiff, rather than upon its negligence or intentional disregard of sales tax law. In its memorandum of decision, the trial court expressly found that the plaintiff did not negligently or intentionally disregard the law and hence is not subject to the statutory 10 percent penalty. In support of this finding the court explained that the defendant never questioned the plaintiff's honesty or innocence and that the plaintiff relied on his accountant for sales tax advice. The defendant contends that the plaintiff's veracity and reliance upon its accountant were improper considerations for determining a penalty based upon intentional disregard of the law with respect to deductions for transportation and delivery charges. We disagree. Reasonable reliance upon an accountant's advice may be considered as a factor, although not necessarily a conclusive one, when determining whether the plaintiff disregarded the law either negligently or intentionally. *Duval* v. *Brown,* supra, 374–76. Moreover, the plaintiff's veracity is clearly relevant to whether

a penalty is appropriate. *Duval* v. *Brown,* supra, 374. Therefore, the trial court's finding was not clearly erroneous. Practice Book § 3060D.

There is no error.

In this opinion the other judges concurred.