## PERVEL INDUSTRIES, INC. *v.* JOHN G. GROPPO, COMMISSIONER OF REVENUE SERVICES

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 303496
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed June 9, 1987

*Murtha, Cullina, Richter & Pinney,* for the plaintiff.

*Joseph I. Lieberman,* attorney general, and *Robert L. Klein,* assistant attorney general, for the defendant.

Hon. Leo Parskey, State Trial Referee. This is an appeal by the plaintiff, Pervel Industries, Inc. (Pervel), from a levy of a deficiency assessment of sales and use tax and interest by the commissioner of revenue services (commissioner). Pervel claims that the commissioner erroneously assessed against it a tax which properly should have been levied against its general contractor, Pratt and Klewin, Inc.

In October, 1981, Pervel entered into a contract with Pratt for the construction of an addition to its building in Plainfield. In connection with the contract, Pervel issued Pratt a purchase order upon which Pervel had checked off a box entitled "Exempt from Conn. Sales and Use Tax, Tax Permit No." Pervel also issued Pratt a certificate wherein it certified that materials purchased from Pratt were to be incorporated in the construction and were to become part of Pervel's production machinery and equipment and that Pervel assumed full liability of any use taxes, together with penalties and interest, that might be determined to be due on any purchases covered by the certificate. Relying on this certificate, Pratt paid no sales tax to the commissioner. Pratt also forwarded copies of the certificate to its subcontractors. The commissioner, on the basis of § 12-426-11b of the Regulations of Connecticut State Agencies, levied a sales tax deficiency assessment against Pervel.

Section 12-426-11b (d) of the regulations provides that "[i]n the purchase of all materials, tools, fuel and machinery wherein an exemption is claimed under the provisions of this regulation, the purchaser shall furnish the seller with certificates in the form set forth below covering such purchases, and, upon the furnishing of the same, the purchaser shall be held strictly and solely accountable for the payment to the State of Connecticut of any taxes, together with penalties and interest thereon, which may be determined to be due on such

purchases in accordance with the applicable provisions of the general statutes or this regulation.''

'' 'Claim' in its primary meaning is used to indicate the assertion of an existing right.'' *Beach's Appeal,* 76 Conn. 118, 125, 55 A. 596 (1903). When that definition is applied, the assertions contained in the purchase order and in the certificate constitute a claim. Whether the claim was intentional or unintentional, valid or invalid, is immaterial to its existence as a claim.

The burden of proving that a deficiency tax assessment is erroneous is upon the plaintiff. *H.B. Sanson, Inc.* v. *Tax Commissioner,* 187 Conn. 581, 586, 447 A.2d 12 (1982); *Modugno* v. *Tax Commissioner,* 174 Conn. 419, 421, 389 A.2d 745 (1978); *Fusco-Amatruda Co.* v. *Tax Commissioner,* 168 Conn. 597, 599, 362 A.2d 847 (1975). A sales tax is imposed on all retailers making sales in Connecticut by General Statutes § 12-408 (1). Reimbursement for the tax thus imposed is to be made by the consumer to the retailer under § 12-408 (2). A ''sale'' is defined under General Statutes § 12-407 (2) to include any transfer of title of personal property for a consideration. Where materials are purchased by a general contractor for use in the construction of a building for his customer, the general contractor is ordinarily regarded as the consumer of those materials within the meaning of that term as it appears in statutes similar to § 12-408. Regs., Conn. State Agencies § 12-426-18; *H.B. Sanson, Inc.* v. *Tax Commissioner,* supra, 584. In this situation, the taxable sale is from the retailer to the general contractor.

Where, as a result of an agreement between the general contractor and the customer, title to the materials is to vest in the customer, the customer as the transferee of title is the party to whom the sale is made regardless of the fact that the general contractor has participated in the transaction by sending a purchase

order to the vendor and by paying the vendor's invoices under a contractual relationship providing for the reimbursement of the general contractor by the customer. *Avco Mfg. Corporation* v. *Connelly,* 145 Conn. 161, 169, 140 A.2d 479 (1958).

If the customer claims an exemption from the sales tax with respect to any materials purchased from the general contractor and furnishes the contractor with a certificate setting forth the claimed exemption, the customer will thereby become strictly and solely accountable for any taxes determined to be due from such purchase. Regs., Conn. State Agencies § 12-426-11b (d).

Whatever may be the general contractor's liability for the payment of the sales tax in other circumstances, the customer, by furnishing an exemption certificate, assumes sole responsibility for such payment. In these circumstances, the private contractual arrangement between the contractor and the customer respecting the payment of the tax is of no concern to the commissioner.

That the exemption certificate may have been issued as a result of oversight or mistake is also of no concern to the commissioner. Since the exemption certificate denies the commissioner taxes which might otherwise be due, he is not required to look beyond the exemption certificate to collect the tax if it is later determined that the exemption was claimed in error.

Pervel claims that even if it is obligated under the regulation to pay the sales tax, it should be relieved of liability to pay interest because it has been prejudiced by the commissioner's unreasonable delay in deciding its appeal from the deficiency assessment. Pervel asserts that during the twenty-seven months the commissioner took to decide the appeal, Pratt, the general contractor, ceased operations, thereby depriving

Pervel of recourse against Pratt, which was contractually obligated to Pervel to pay any sales tax found due on the project.

While the court does have the authority to set aside an assessment of interest, *H.B. Sanson, Inc.* v. *Tax Commissioner,* supra, 587–88, the present case does not warrant the exercise of such authority. See *Duval* v. *Brown,* 31 Conn. Sup. 373, 375, 333 A.2d 63 (1974). Pervel could have protected itself against the consequences of being held liable for the payment of the tax. Pervel could have stopped the running of interest by paying the full amount of tax under protest, thus reserving the right to challenge the validity of the required payment. *Underwood Typewriter Co.* v. *Chamberlain,* 92 Conn. 199, 205, 102 A. 600 (1917); see *Hartford* v. *Faith Center, Inc.,* 196 Conn. 487, 490, 493 A.2d 883 (1985). Pervel could also have brought an action against Pratt for reimbursement of the tax under the contract and could have sought an appropriate prejudgment remedy to secure any judgment which it may have later received. Having failed to follow these alternatives, Pervel cannot be heard to complain about the adverse consequences of the commissioner's delay in rendering his decision.

Accordingly, for all of the foregoing reasons, the appeal is dismissed.