[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AND/OR DISMISS
This is an appeal from a use tax assessment issued by the Connecticut Department of Revenue Services. The plaintiff Neiman Marcus, is a division of the Neiman Marcus Group, Inc., a Delaware corporation with its headquarters in Chestnut Hill, Massachusetts and its principal place of business in Dallas, Texas. Neiman Marcus conducts a nation-wide mail order business by sending catalogs to persons throughout the United States. It receives written or telephone orders at its catalog facility in Dallas and ships merchandise therefrom by common carrier or U.S. mail.
On April 1, 1990, the Commissioner of Revenue Services (hereinafter the Commissioner) issued a use tax assessment to Neiman Marcus pursuant to General Statutes 12-411 in the amount of $45,269.85. Neiman Marcus alleges that it timely protested the assessment by filing a petition for reassessment with the Commissioner on April 25, 1990. In its petition, Neiman Marcus alleged that the Commissioner's actions deprive it of its rights, privileges and immunities as secured by the Commerce Clause, Due Process Clause and Equal Protection Clause of the United States Constitution, as well as the Due Process and Equal Protection Clauses of the Connecticut Constitution. On November 13, 1990, the Commissioner denied the petition a affirmed the assessment.
Neiman Marcus initiated the instant action by an eight-count complaint filed December 10, 1990 and returnable January 14, 1991. In its complaint, Neiman Marcus essentially raises the same issues presented to the Commissioner in its April 25, 1990 petition. Neiman Marcus claims inter alia that the Commissioner has assessed the use tax liability against it in violation of its state and federal rights, including those protected by the Commerce Clause, Article I, Section 8, Clause 3 of the United States Constitution.
After Neiman Marcus filed its original complaint, the United States Supreme Court decided Dennis v. Higgins, 498 U.S. ___, 112 L.Ed.2d 969 (February 20, 1991). Neiman Marcus argues that the United States Supreme Court in Dennis determined that a taxpayer raising a Commerce Clause challenge to a state tax has a remedy pursuant to 42 U.S.C. § 1983. CT Page 7975 On March 5, 1991, Neiman Marcus filed a request for leave to amend its complaint pursuant to Practice Book 176(c). In its request, Neiman Marcus sought to add a ninth cause of action under 42 U.S.C. § 1983.
On March 15, 1991, the Commissioner filed an objection to Neiman Marcus' request for leave to amend. The court (by Aurigemma, J.) overruled the Commissioner's objection on August 5, 1991.
By August 21, 1991, the Commissioner had not filed his answer or otherwise responded to the amended complaint as required by Practice Book 177. On August 21, 1991 Neiman Marcus filed its motion for default for failure to plead within 15 days of the court's overruling of defendant's objection to plaintiff's first amended complaint. Neiman Marcus' motion for default was granted by this court on August 22, 1989. On August 22, 1991, the defendant filed a Motion to Strike and/or Dismiss Count Nine of the Amended Complaint.
The issue raised by the motion is whether this court has jurisdiction over the plaintiff's 42 U.S.C. § 1983 claim. The court concludes that it does have jurisdiction over the plaintiff's 42 U.S.C. § 1983 claim; accordingly, the motion is denied.
The plaintiff argues that at this late date the only appropriate responsive pleading is an answer to Neiman Marcus' first amended complaint. See Practice Book 363A (default set aside where party files an answer). Plaintiff further argues that, because the Commissioner's motion to strike and/or to dismiss was not filed on or before August 15, 1991, but was filed only after plaintiff's motion for default, it should be denied. The default was entered on August 22, 1991.
The motion to strike as to count nine cannot be entertained at this time because the Commissioner has not moved to open the default pursuant to Practice Book 376, which would allow for the filing of a motion to strike. However, the court will entertain the motion to dismiss as to count nine at this time because a motion to dismiss based on lack of jurisdiction is properly filed. A motion to dismiss is the proper pleading to assert lack of subject matter jurisdiction at any time during the proceedings Practice Book section 143; Daley v. Hartford, 215 Conn. 14, 574 A.2d 194 (1990); Neyland v. Board of Education, 195 Conn. 174, 177,487 A.2d 181 (1985).
The defendant filed this motion to strike and/or to dismiss count nine of the amended complaint on August 22, 1991. CT Page 7976 The defendant argues that the present situation is virtually identical to the situation before the Superior and Supreme Courts in Zizka v. Water Pollution Control Authority, 195 Conn. 682,490 A.2d 509 (1985).
The defendant argues that the plaintiff in Zizka and the plaintiff here seek injunctive, declaratory and monetary relief pursuant to their section 1983 claim. The court in Zizka, supra 688, held that each of these claims for relief must be analyzed separately and that General Statutes 7-250
provided an adequate remedy at law and their section 1983 claim was barred.
The defendant argues that both General Statutes 7-250
and 12-422 provide for a de novo Superior Court review of tax assessments. Under General Statutes 12-422, the court can void assessments and order refunds of paid assessments. Thus, section 12-422 provides remedial relief identical to the relief available under section 7-250. The defendant argues that, accordingly, the remedial relief available under section12-422 is more than adequate to bar the plaintiffs' section 1983 claim with respect to the section 1983 claims for declaratory and monetary relief, for the Zizka court held that where state statutes such as section 7-250 provide a "plain, speedy and efficient remedy" the trial court was correct in concluding that it lacked jurisdiction to entertain the section 1983 claim. Zizka, supra 690.
In relevant part, 12-422 provides
 Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under section 12-418, 12-421 or 12-425 may . . . take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain . . . . Said court may grant such relief as may be equitable.
The plaintiff argues that, on its face, General Statute12-422 authorizes the court to grant any relief. The plaintiff further argues that there is nothing in 12-422 which divests the superior court of jurisdiction over claims brought pursuant to 42 U.S.C. § 1983. The plaintiff cited H.B. Sanson, Inc. v. Tax Commissioner, 187 Conn. 581, 587, 447 A.2d 12
(1982) ("trial court may grant relief consistent with its review of a deficiency assessment upheld by the Commissioner".)
The plaintiff argues that state and federal courts have concurrent jurisdiction over 1983 claims. See, e.g., Felder v. Casey, 487 U.S. 131 (1988); Maine v. Thiboutot, 448 U.S. 1, CT Page 7977 3 n. 1 (1980). The plaintiff argues, however, that to avoid federal disruption of a state's tax revenues, Congress enacted the Tax Injunction Act, 28 U.S.C. § 1341, which, in almost every case requires a taxpayer to challenge a state tax in state court. The plaintiff claims that the Supreme Court has instructed: "Challenges to the validity of state tax systems under 24 U.S.C. § 1983 . . . must be brought in state court." Pennhurst State School Hospital v. Halderman, 465 U.S. 89,122 (1984). Moreover, the Connecticut Supreme Court has explicitly recognized its concurrent jurisdiction over 1983 actions. Fetterman v. University of Connecticut, 192 Conn. 539,549, 473 A.2d 1176 (1984). The plaintiff asserts, therefore, that this court has subject matter jurisdiction over plaintiff's proposed 1983 claim.
The plaintiff claims that in Dennis v. Higgins, 498 U.S. at ___, 112 L.Ed.2d at 969, the taxpayer claimed that taxes imposed by the State of Nebraska on his trucks registered in other states but operated in Nebraska constituted an unlawful burden on interstate commerce prohibited by the Commerce Clause. Although the trial court concluded that the taxes violated the Commerce Clause and enjoined the state from collecting the taxes, it dismissed taxpayer's claim under42 U.S.C. § 1983 on the ground that the Commerce Clause only allocates power between states and federal governments, but does not confer any "rights." Id. The Supreme Court disagreed, finding that the Commerce Clause is a source of federal Constitutional rights and holding that a taxpayer may bring a 1983 action against the state based upon the state's alleged violation of his rights under the Commerce Clause. Id. Similarly, Neiman Marcus has claimed that the Commissioner's assessment of sales and use tax violates the Commerce Clause. The plaintiff asserts that pursuant to Dennis v. Higgins, Neiman Marcus has an absolute right to raise that claim in this court pursuant to 42 U.S.C. § 1983.
The defendant asserts that Zizka v. Water Pollution Control Authority, divests this court of jurisdiction over Neiman Marcus' Commerce Clause claim to the extent that it is brought under 42 U.S.C. § 1983.
However, to the extent that the Connecticut Supreme Court's 1985 decision in Zizka can be read as divesting this court of subject matter jurisdiction over Neiman Marcus' 1983 claim, Zizka is no longer viable in light of the United States Supreme Court's more recent pronouncements in Dennis v. Higgins and Felder v. Casey, 487 U.S. supra 311. The Zizka court, as a matter of public policy, saw "no need to subject state tax collectors to state actions brought under 1983." Zizka supra 690. However, in Dennis v. Higgins, the Supreme Court held CT Page 7978 that "the Commerce Clause of its own force imposes limitations on state regulations of commerce, and is the source of a right of action in those injured by regulations that exceed such limitations." Dennis, supra 980. Accordingly, state courts must entertain Commerce Clause claims brought under 1983. In Felder, the Supreme Court unequivocally rejected the notion that states can rely on public policy to refuse to hear federal claims: "State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right." Felder supra 152.
Because the Supreme Court in Dennis allows a 1983 action against the state based upon the state's alleged violation of the plaintiff's rights under the Commerce Clause, the motion to dismiss is denied. The complaint must be construed most favorably to the plaintiff, indulging every presumption favoring jurisdiction. Brewster v. Brewster,152 Conn. 228, 233, 206 A.2d 106 (1964); Robinson v. ITT Continental Baking Co., 2 Conn. App. 308, 311,478 A.2d 265 (1984). The instant complaint, when construed most favorably to the plaintiff, states a claim over which this court has jurisdiction.
Schaller, J.