[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Sullivan, Reis, Sanchy Logan for plaintiff.
Gary Greene for defendant.
On August 26, 1993, the plaintiff, Sarkis M. Douaihy, d/b/a Certification Labs, commenced this collection action against the defendants, Integrated Quality Systems Inc. ("IQS") and Chung Ma and David Ng, as principal agents of IQS. On January 5, 1994, pursuant to the defendants' request to revise, the plaintiff filed a four count revised complaint. In count one of the revised complaint, the plaintiff alleges that at the request of the defendant IQS, the plaintiff provided labor, goods and services to IQS to assist with the preparation of engineering reports CT Page 5792 and filing of applications with the Federal Communications Commission. The plaintiff contends further that pursuant to an oral agreement between the parties, the value of the provided goods and services was four thousand, five hundred dollars ($4,500.00) and that the defendants have failed to pay the debt. In count two, the plaintiff asserts a claim for unjust enrichment and count three states a claim in quantum meruit. In count four, the plaintiff asserts a claim under the Connecticut Unfair Trade Practices Act ("CUTPA").
On January 21, 1994, the defendants filed a motion to strike counts two, three, and four of the plaintiff's revised complaint on the ground that they fail to state a claim upon which relief can be granted. Pursuant to Practice Book § 155, both parties have filed memoranda of law in support of their respective positions.
A motion to strike challenges the legal sufficiency of a pleading, or any count thereof, to state a claim upon which relief can be granted. Practice Book § 152; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). In deciding on a motion to strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Michaud v. Warwick,209 Conn. 407, 408, 551 A.2d 738 (1988). The court is limited to the facts alleged in the challenged pleading; King v. Board of Educationof Watertown, 195 Conn. 90, 93, 486 A.2d 1111 (1985); and must admit the truth of all facts well pleaded. Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academyof Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983).
Unjust enrichment applies "wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available on that contract." 5 Williston,Contracts (Rev. Ed.) 1479; Chrysler Credit Corporation v.Berman, Superior Court, Judicial District of Litchfield, Docket No. 057971 (June 10, 1993, Pickett J.) This doctrine is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated.Burns v. Koellmer, 11 Conn. App. 375, 384, 527 A.2d 1210 (1987). "The question is: Did he, [the party liable] to the detriment of someone else, obtain something of value to which he was not entitled?" Id.
CT Page 5793
It is clear that in order to recover on the basis of unjust enrichment, it is necessary for a plaintiff to demonstrate two aspects of the transaction. Providence Electric Co. v. Sutton Place,Inc., 161 Conn. 242, 246, 287 A.2d 379 (1971). "First, it must be shown that the defendants were benefited; that is, he has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff." Id.
The defendants argue that count two should be stricken because the plaintiff has failed to state how or why the defendant, IQS, has been unjustly enriched. Specifically, the defendants contend that the plaintiff has failed to allege how IQS benefited or received something of value. The plaintiff, however, has alleged that the defendants received goods and services from the plaintiff. (Plaintiff's Revised Complaint, Count 1, para. 4.) The plaintiff alleges further that the parties agreed that the goods had a value of $4,500.00 and that the defendants have not paid for the benefit, to the detriment of the plaintiff. (Plaintiff's Revised Complaint, Count 1, paras. 5 6; Count II, para. 7.) Accordingly, the plaintiff has sufficiently alleged a cause of action for unjust enrichment and the defendants' motion to strike count two is denied.
The third count of the plaintiff's revised complaint purports to set forth a cause of action against the defendants on the theory ofquantum meruit. Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered.Burns v. Koellmer, supra, 383-84. The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to him that he would be compensated in the future, impliedly promised to pay him for the services he rendered. Id.
The defendants argue that count three should be stricken because the plaintiff's allegations are legally insufficient to show that: (1) the defendants knowingly accepted the plaintiffs services and (2) the defendants impliedly promised to pay for the plaintiff's services. The plaintiff has alleged that his work was performed at the request of the defendant(s) and with the knowledge, encouragement and direction of the defendants IQS, Chung Ma and David Ng. (Plaintiff's Revised Complaint, Count 1, para. CT Page 5794 4; Count 3, para. 5.) Accordingly, the plaintiff has sufficiently alleged that the defendants knowingly accepted the plaintiff's services.
However, the plaintiff has failed to allege that the defendants explicitly or impliedly promised to pay for the plaintiff's services. The plaintiff has alleged that the parties orally agreed on the value of the services rendered; (Count 1, para. 5.); but there is no allegation that the defendants impliedly promised the plaintiff that they would compensate him for his services. This allegation is essential in order to maintain an action in quantum meruit. See,Burns v. Koellmer, supra, 383-84. Therefore, the defendants' motion to strike count three is granted.
The fourth count of the plaintiff's revised complaint is a claim brought pursuant to CUTPA, General Statutes § 42-110a, et seq.
That statute, in pertinent part, provides that: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b. "CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection."Heslin v. Connecticut Law Clinic of Trantolo Trantolo,190 Conn. 510, 515, 461 A.2d 938 (1983). "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices."Hernandez v. Monterey Village Assoc's Limited Partnership,17 Conn. App. 421, 425, 553 A.2d 617 (1989). Furthermore, CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press ServicesCorporation v. New London Motors, Inc., 203 Conn. 342, 354,525 A.2d 57 (1987).
The defendants argue that the plaintiff's CUTPA action should be stricken on three grounds; (1) CUTPA does not apply to a single, private transaction; (2) the plaintiff has failed to allege that the defendants' actions were performed in any "trade" or "business"; and (3) the plaintiff is not a consumer.
The issue of whether an isolated act of misconduct constitutes a CUTPA violation has yet to be resolved by the Connecticut appellate courts. Several superior courts have addressed this issue which has resulted in a split of authority. See, RLG Assoc's Ltd v.Gardner Peterson, 9 Conn. L. Rptr. 82 (June 7, 1993, Shaughnessy, J.); Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); Ransom v. Amerlink Ltd., 3 Conn. L. Rptr. CT Page 5795 382 (March 19, 1991, Dranginis, J.) But see, Duncan v. BurnsideMotors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.) ("Legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business advice.") In Chrysler Credit Corporation v. Berman, supra, this court followed the well reasoned decisions of the majority of the superior courts that have held that a litigant does not have to allege more than a single transaction in order to bring a CUTPA cause of action. The court finds no reason to depart from its previous holding, thus, the defendants, motion to strike on this ground is denied.
The defendants next assert that they were not engaged in "trade" or "business" with the plaintiff and therefore, can not be liable pursuant to CUTPA. "Trade" or "Commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other commodity, or thing of value in this state." General Statutes § 2-110a(4). Viewing the plaintiff's allegations in the most favorable light, the plaintiff has sufficiently alleged that the defendants were engaged in "trade" or "commerce." Specifically, the plaintiff has alleged that the defendants were engaged in the offering and distribution of services and labor in preparation of engineering reports and filing of applications with the Federal Communication Commission. (Plaintiff's Revised Complaint, Count 1, para. 4.) The defendants' motion to strike count four on this ground is denied.
The defendants argue finally that CUTPA is not available to the plaintiff because the plaintiff is doing business as a certification lab and is not a consumer. "Consumer" has been defined as "[a] member of that broad class of people who are affected by . . . trade practices for which state and federal consumer protection laws are enacted." Black's Law Dictionary, 5th Ed., updated to 1979. This issue of whether a plaintiff has to be a "consumer" to bring a CUTPA action has also yet to be resolved by the Connecticut appellate courts. Several superior courts have addressed this issue which has resulted in a division of opinion. This court agrees with the well reasoned decisions which have held that one need not be a consumer to avail oneself of the remedies afforded by CUTPA. Conning Corporation v. DavenportGroup, 6 Conn. L. Rptr. 341 (April 30, 1992, Mottolese, J.);Andrus v. Maloney, 5 Conn. L. Rptr. 313 (January 6, 1992, Maiocco, J.); Jackson v. Whipple, 5 Conn. L. Rptr. 115 (November CT Page 5796 4, 1991, Leuba, J.); see also, Chrysler Credit Corporation v.Berman, supra. The court also recognizes that if a plaintiff had to be a "consumer" to bring a CUTPA action, the plaintiff in the present case would most likely be categorized as such according to the liberal interpretation of CUTPA and accepted definitions of the term. See, H.B. Sanson, Inc. v. Tax Commissioner,187 Conn. 581, 584, 447 A.2d 12 (1982). The motion to strike count four is denied.
In summary, the defendants' motion to strike counts two and four is denied. The motion to strike count three is granted.
LITCHFIELD, JUDGE.