[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #158
On November 10, 1994, the plaintiff, Robert Olszewski, filed a seventh amended complaint, which has nine counts, against the defendants, Elvin Garcia and Fair Auto Paint and Body Supplies, Inc. (Fair Auto). Count nine alleges that when Fair Auto negligently hired Garcia, it committed an unfair trade practice that violated General Statutes § 42-110a et seq.
The complaint alleges the following facts regarding the alleged unfair trade practice: 1) Garcia first assaulted Olszewski with an ice scraper and then assaulted Olszewski with a car club; 2) Garcia's acts were in the scope of his employment at Fair Auto; and 3) Fair Auto negligently hired Garcia although it knew that Garcia had a history of violence. The plaintiff claims that this negligence is an unfair trade practice in violation of General Statutes § 42-110a et seq., Connecticut Unfair Trade Practices Act (CUTPA). Pursuant to General Statutes § 42-110g(a), the plaintiff, Olszewski sought in his prayer for relief "statutory punitive damages, attorney's fees and costs" on count nine.
On December 23, 1994, Fair Auto filed a motion to strike count nine on the ground that it fails to state a claim on which relief can be granted. The motion to strike specifies that the complaint (1) fails to allege a consumer relationship between the plaintiff and any defendant, (2) fails to allege a trade practice, and (3) alleges a personal injury, not a pecuniary injury. This motion also moves to strike the part of the prayer for relief (#3) that CT Page 4071 corresponds to count nine. Fair Auto filed a memorandum of law in support of its motion to strike. It also filed a supplemental memorandum of law on January 23, 1995. On January 12, 1995, Olszewski filed a memorandum in opposition to the motion to strike. He subsequently filed his affidavit to supplement his opposition to the motion to strike. On January 31, 1995, Olszewski filed a supplemental memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
Fair Auto's motion to strike proposes three ways in which count nine fails to state a claim on which relief can be granted: (1) count nine fails to contain an allegation that Olszewski is a consumer or creditor of Fair Auto; (2) count nine fails to allege a trade practice; and (3) count nine alleges a personal injury to which CUTPA does not apply.
Fair Auto argues that CUTPA requires the plaintiff to be a consumer or competitor of the defendant. To support this proposition, Fair Auto cites Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 727, 627 A.2d 374 (1993); SNET Credit, Inc. v. Burkhart,7 Conn. L. Rptr. 158, 159 (July 24, 1992, Gray, J.); Sherman v.Neurological Surgeons, P.C., 3 CSCR 395, 396 (March 23, 1988, McGrath, J.); Cascia v. Cook Inlet Communications Co.,10 Conn. L. Rptr. 429
(November 29, 1993, McDonald, J.); and Robertson v. Stop Shop Supermarket Co., 9 Conn. L. Rptr. 485, 486 (November 29, 1993, Higgins, J.). Fair Auto maintains that Olszewski was not a consumer of its products and contends that count nine fails to allege the essential elements.
Olszewski on the other hand, argues that CUTPA does not require a business connection between the plaintiff and defendant. CT Page 4072 To support this proposition, Olszewski cites Andrus v. Maloney,5 Conn. L. Rptr. 313 (December 9, 1991, Maiocco, J.), which cites A.Secondino Sons Inc. v. LoRicco, 215 Conn. 336, 343, 576 A.2d 464
(1990). Olszewski also states that an amendment to CUTPA eliminated the privity requirement. Waterbury Petroleum Products, Inc. v.Canaan Oil and Fuel Co., 193 Conn. 208, 477 A.2d 988 (1984).
"[A] claimant under CUTPA must possess at least some type ofconsumer relationship with the party who allegedly caused harm to him or to her." (Emphasis added.) Jackson v. R. G. Whipple, Inc., supra, 225 Conn. 727. After Jackson, a plaintiff cannot sue the owner of a supermarket for an assault she sustained in its parking lot under CUTPA. Robertson v. Stop Shop Supermarket, Co., supra,9 Conn. L. Rptr. 486.[1] Therefore, Olszewski must demonstrate that he has a consumer relationship with Fair Auto.
Olszewski argues that he has a consumer relationship with Fair Auto. Olszewski argues that the facts as alleged in count nine show that he was a "consumer," as that term is defined by Black's Law Dictionary.
In Jackson, "the majority [did] not define" what constitutes a "consumer relationship." Jackson v. R. G. Whipple, Inc., supra,225 Conn. 730 (Berdon, J., concurring.) "Consumer relationship" is also not defined in the Unfair Trade Practices Act. Id.
"`Consumer' has been defined as `[a] member of that broad class of people who are affected by . . . trade practices for which state and federal consumer protection laws are enacted.' Black's Law Dictionary, 5th Ed., updated to 1979." Douaihy v. IntegratedQuality Sys., Inc., 9 CSCR 643, 644 (May 26, 1994, Pickett, J.)[2]
This definition, however, is circular and does not explain for whom consumer protection laws are enacted.
A more useful definition of consumer is "[a] buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." Black's Law Dictionary (5th Ed. 1979).
Consequently Olszewski does not qualify as a consumer under CT Page 4073 this definition. The complaint lacks an allegation that Olszewski received (by purchase or transfer) any consumer product from Fair Auto. Accordingly, the motion to strike count nine is granted on this ground. The court need not address the other grounds advanced for granting the motion to strike. It follows that the prayer for relief that corresponds to count nine is also stricken from the complaint.
MAIOCCO, J.